591 So.2d 833 (1991)
Luther T. McCAINE
v.
STATE of Mississippi.
No. 89-KA-0799.
Supreme Court of Mississippi.
December 18, 1991.
*834 Jim Waide, Jimmy D. Shelton, Tupelo, for appellant.
Mike C. Moore, Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and BANKS, JJ.
PRATHER, Justice, for the Court:

I.
In 1988, the Lee County Grand Jury indicted Luther T. McCaine for the unlawful and felonious sale and transfer of cocaine. *835 See MISS. CODE ANN. §§ 41-29-115(A)(a)(4) & 41-29-139 (1972 as amended). A jury subsequently found McCaine guilty, and the trial judge sentenced him to twelve years' imprisonment.
McCaine appealed and presented three assignments of error  only one of which merits analysis:
Whether the trial judge erred in refusing to direct the jury to disregard a tape recording which the State failed to provide the defendant in violation of Unif. Crim.R.Cir.Ct.Prac. 4.06?

II.

A.
On November 7, 1986, the Tupelo City Metro Narcotics Unit and the Mississippi Bureau of Narcotics (MBN) planned and executed a so-called drug "buy-bust" operation in the vicinity of Shannon, Mississippi. As a result of that operation, the agents arrested the seller, Tony Flaherty, who was charged with sale of a controlled substance. Two years after this "buy-bust," the agents arrested Luther T. McCaine after tape-recording him uttering allegedly incriminating statements to Flaherty who had been an informant and had been wearing a "wire." On the basis of this recording and other allegedly-incriminating evidence, the Lee County Grand Jury indicted McCaine for the unlawful and felonious sale and transfer of cocaine.
At trial, the State played the tape recording for the jury; McCaine raised no objection. Court then recessed for the afternoon. The next morning, McCaine presented a motion ore tenus to suppress the tape and to instruct the jury to disregard the tape's contents. McCaine based his motion on an alleged violation of a discovery request which he had previously filed. Pursuant to this discovery request, the State had provided McCaine with a copy of a tape recording; McCaine's copy, however, was an incomplete copy of the original recording which the State had played for the jury.
The State contended that McCaine's motion should be overruled because his failure to object when the recording was played for the jury constituted a waiver. But McCaine explained to the judge that he did not object at that time because he had not realized that his copy  which he had listened to prior to the trial  was incomplete. Thus, McCaine contended that his objection should be deemed timely since he raised it immediately upon realizing the discovery violation.
The judge overruled McCaine's motion:
I am going to overrule the Motion for two reasons, one is that I am convinced the State did not purposefully hand to counsel a tape that didn't have pertinent parts thereon. The next reason is that counsel has had the benefit of playing this tape since yesterday afternoon, has had ample time to consider it and think about it, and I just don't see how he could be prejudiced at this time because he didn't hear it until yesterday. It appears to me that there has been ample time to avail himself of any benefit that tape might be in the defense of this case. So for those reasons, the Motion is overruled.

B.
The long-standing rule has been that a contemporaneous objection is necessary in order to preserve an issue for appeal. See, e.g., Mackbee v. State, 575 So.2d 16, 30 (Miss. 1990); Handley v. State, 574 So.2d 671, 682 (Miss. 1990); Singleton v. State, 518 So.2d 653, 655 (Miss. 1988); but see Griffin v. State, 557 So.2d 542, 551-54 (Miss. 1990) (contemporaneous objection not fatal if defendant has been denied a fundamentally-fair trial.)
With regard to issues involving alleged discovery violations, the discovery request must be made in writing in order to be enforceable under Rule 4.06 of the Uniform Criminal Rules of Circuit Court Practice. Morris v. State, 436 So.2d 1381, 1388 (Miss. 1983). This written request "trigger[s] the state's obligation to produce discovery under Rule 4.06." Moore v. State, 536 So.2d 909, 910 (Miss. 1988); see Stewart v. State, 512 So.2d 889, 891 (Miss. 1987). When analyzing alleged violations of Rule 4.06, this Court reviews the record *836 to determine if the trial judge complied with the following remedial guidelines:
(1) Upon defense objection, the trial court should give the defendant a reasonable opportunity to become familiar with the undisclosed evidence by interviewing the witness, inspecting the physical evidence, etc.
(2) If, after this opportunity for familiarization, the defendant believes he may be prejudiced by lack of opportunity to prepare to meet the evidence, he must request a continuance. Failure to do so constitutes a waiver of the issue.
(3) If the defendant does request a continuance the State may choose to proceed with trial and forego using the undisclosed evidence. If the State is not willing to proceed without the evidence, the trial court must grant the requested continuance.
Cole v. State, 525 So.2d 365, 367-68 (Miss. 1987); see Box v. State, 437 So.2d 19, 22-26 (Miss. 1983) (Robertson, J., specially concurring); see Middlebrook v. State, 555 So.2d 1009, 1011 (Miss. 1990) ("We have repeatedly held an accused's remedy for tardy disclosure of that to which he was entitled in pre-trial discovery is a continuance reasonable under the circumstances.") (citing Moore v. State, 536 So.2d 909, 911 (Miss. 1988); Stewart v. State, 512 So.2d 889, 893 (Miss. 1987); Foster v. State, 484 So.2d 1009, 1011 (Miss. 1986)); see also West v. State, 553 So.2d 8, 18 n. 6 (Miss. 1989) ("motion for a mistrial in this context is the functional equivalent of a motion for a continuance"); Cockrell v. State, 566 So.2d 1243, 1246 (Miss. 1990) (These guidelines, codified in Rule 4.06(i) (1990), "are premised on the view that prejudice determinations may be best made by the party affected.").
Rule 4.06 is designed to avoid "ambush" or unfair surprise to either party at trial. Harris v. State, 446 So.2d 585, 589 (Miss. 1984); Ford v. State, 444 So.2d 841, 843 (Miss. 1984).
The question presented here brings into direct conflict two important interests. First there is prosecution's interest in presenting to the jury all relevant, probative evidence. On the other hand, there is the accused's interest in knowing reasonably well in advance of trial what the prosecution will try to prove and how it will attempt to make its proof which, of course, includes the names of persons the state expects to call as witnesses.
This state is committed to the proposition that these conflicting interests are best accommodated and that justice is more nearly achieved when, well in advance of trial, each side has reasonable access to the evidence of the other. See Rule 4.06 supra; Rules 26-37, Miss. R.Civ.P.
Box, 437 So.2d at 21.
Of critical import, remedies available under 4.06 are not self-executing. The party alleging a discovery violation "must affirmatively request it on pain of waiver." Middlebrook, 555 So.2d at 1011 (citing Cole, 525 So.2d at 368; Cabello v. State, 471 So.2d 332, 343 (Miss. 1985)); Kelly v. State, 553 So.2d 517, 521 (Miss. 1989).

C.
McCaine did not raise an objection to the admission of the tape until the morning after the State played it for the jury. Generally speaking, a "belated" objection such as the one involved in this case would be deemed a waiver. However, this Court will not apply a procedural bar in view of McCaine's reasonable explanation for the belatedness as well as the fact that this issue involves a serious failure to provide a defendant with allegedly-incriminating evidence.
Accordingly, this Court has examined the record to determine if the judge complied with the Box guidelines. The record reveals that, upon objection, the judge provided McCaine with time to familiarize himself with the recording  but only after the jury had already heard it. Unfortunately, the damage had been done and, therefore, this remedy cannot be deemed sufficient. The jury should have been instructed to disregard the recording or, alternatively, a new trial should have been granted.
*837 A critical discovery violation occurred in this case and, as a consequence, this Court holds that the inadvertently-withheld evidence should have been suppressed and the jury instructed to disregard it. This case is reversed and remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.