EDWARDS, Judge.
The plaintiffs appeal a judgment dismissing their petition for deficiency judgment. After a thorough review of the record and the applicable jurisprudence we find no error below, and accordingly affirm.
Factual Background
Three separate tracts of land, which are the subject of this matter, were purchased from the plaintiffs by six of the defendants in three separate acts of cash sale on October 31,1984. The first tract, B-l, was purchased by James J. Hannie and Patricia Ann Coppo-nex Hannie (Hannie) with a loan in the amount of $440,000 from First National Bank of East Baton Rouge, secured by a collateral mortgage note paraphed “Ne Varietur” for identification with an Act of Collateral Mortgage affecting Tract B-l. The second tract, B-2, was purchased by Ronald K. Ferris and Lora Cross Ferris (Ferris) with a loan in the amount of $250,000 from First National Bank of East Baton Rouge, secured by a collateral mortgage note paraphed “Ne Varietur” for identification with an Act of Collateral Mortgage affecting Tract B-2. The third tract, B-3, was purchased by Thomas C. Lundin and Darlene Fasullo Lundin (Lundin) with a loan in the amount of $80,000 from First National Bank of East Baton Rouge, secured by a collateral mortgage note paraphed “Ne Varietur” for identification with an Act of Collateral Mortgage affecting Tract B-3.
The defendants paid the proceeds of these loans to the plaintiffs and the balance of the purchase price was represented by a promissory note in the amount of $821,500 secured by a collateral mortgage note paraphed “Ne Varietur” for identification with an Act of Collateral Mortgage affecting the immovable property consisting of all three tracts of land. This mortgage in favor of the plaintiffs was for all three tracts of land; however, they were listed and described separately in the act of mortgage as Tracts B-l, B-2, and B-3. All four of the above described mortgages were executed on October 31, 1984 and recorded on November 9, 1984.
On March 29, 1985 the three tracts of land were acquired by the defendant, Perkins-Siegen Partnership, by an Act of Sale with Assumption of Mortgages. The three tracts of land were listed and described separately in this act of sale.
*148 In March, 1988, the plaintiffs initiated ex-ecutory proceedings during which the three tracts of land were seized and sold, in globo, at sheriffs sale. Prior to the sale, a joint appraisal was submitted by Norbert Schex-nayder, the appraiser appointed by the plaintiffs and John Lejeune, the appraiser appointed by the Sheriff for the defendants. Following the sale, the plaintiffs instituted this ordinary proceeding against the same defendants claiming that they are entitled to a deficiency judgment.
Action of the Trial Court
The trial court found that the appraisal in this case was defective and invalid and therefore the plaintiffs were not entitled to a deficiency judgment. On appeal, the plaintiffs argue that the defendants failed to object timely to the appraisal process and were thereby precluded from raising such defense in this action. The plaintiffs further contend that the trial court erred in finding that the appraisal was untimely filed, and in holding that the appraisal did not comply with statutory provisions.
Are Defendants Precluded From Objecting to the Appraisal Process?
A judicial sale with appraisal in accordance with the statutory provisions is a prerequisite to a deficiency judgment. LSA-R.S. 13:4106; LSA-C.C.P. arts. 2771, 2772. Formal appraisal requirements ensure protection against an unjust sacrifice of the debtor’s property. See McMahon, The Historical Development of Executory Procedure in Louisiana, 32 Tul.L.Rev. 555, 567 (1958); see also First Guaranty Bank, Hammond, Louisiana v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834, 844 (La.1988). This prerequisite is a matter of public policy which “can not, and shall not be waived by a debtor.” LSA-R.S. 13:4107.
In League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968), our supreme court held that a fundamental defect in executory proceedings was a bar to a later action for a deficiency judgment. In First Guaranty Bank, 529 So.2d at 843-44, the court overruled the broad holding in League Central, and held that the safeguards provided by the deficiency judgment act were not intended to “bar a creditor who fully complies with appraisal requirements from obtaining a deficiency judgment simply because of a lack of authentic evidence in the executory proceeding.” (emphasis added). Although First Guaranty Bank evidences a departure from the harsh application of the deficiency judgment act to every defect in the executory proceeding, a close reading of the case reflects that the decision was based on a specific holding and, contrary to plaintiffs’ argument, did not eliminate the requirement of an appraisal in accordance with law. In fact, the court has restated its position in Security Homestead Association v. Fuselier, 591 So.2d 835, 340-41 (La.1991), as follows:
First Guaranty makes it clear that a defense based on formal or procedural defects in an executory proceeding must be raised in that proceeding, and may not be raised as a defense, in an action for a deficiency judgment. The decision in that case also makes it clear, however, that a judicial sale with appraisal in accordance with the statutory provisions is a prerequisite to a deficiency judgment. This prerequisite is mandated by the deficiency judgment act, [citations omitted], which preclude deficiency judgments where property is foreclosed and sold without appraisal in accordance with law. (emphasis added).
The Appraisal Requirements
Prior to sale, the property seized must be appraised in accordance with law, and the order directing the issuance of the writ of seizure and sale must have directed that the property be sold as prayed for. LSA-C.C.P. art. 2723. Furthermore, not less than seven days, exclusive of holidays, before the sale of seized property, the sheriff shall serve written notice on the debtor and on the seizing creditor, in the manner provided for the service of citation, directing each to name an appraiser to value the property and to notify the sheriff of his appointment prior to the time stated in the notice. LSA-R.S. 13:4363 A.
The statutory requirements of service of notice of seizure and notice to appoint appraisers are designed to afford the debtor *149 with the right and a meaningful opportunity to participate in the appraisal process. Failure to comply with these requirements deprives the debtor of “a significant right, not a mere procedural nicety.” [citation omitted] These requirements go to the heart of an effective appraisal process, the absence of which precludes a deficiency judgment. See First Acadiana Bank v. Bieber, 582 So.2d 1293, 1296 (La.1991).
Security Homestead Association v. Fuselier, 591 So.2d 335, at 341 (La.1991) (emphasis added).
Application of the Law
In order to obtain a deficiency judgment, the plaintiffs had the burden of establishing compliance with two criteria: (1) insufficiency of the sale proceeds to satisfy the underlying debt; and (2) sale of the seized property after appraisal in accordance with the codal and statutory requirements for executory proceedings. First Acadiana Bank v. Bieber, 582 So.2d at 1296 (emphasis added).
Although the record reflects that the defendants were served with notice of their right to appoint an appraiser, the record is devoid of any evidence that the plaintiffs gave any notice whatsoever to the defendants of the in globo manner in which the appraisal or the sale would be conducted.
Furthermore, the record reveals that the in globo appraisal and sale of the three tracts of land in this case prejudiced the defendants’ rights and constituted a substantive defect in the executory proceedings which, together with the failure to give proper notice, precludes the plaintiffs from obtaining a deficiency judgment. See First Federal Savings & Loan Association of New Iberia v. Moss, 616 So.2d 648 (La.1993).
The plaintiffs argue that the Moss case, supra, held that an in globo sale of property burdened by a single mortgage (as in the case before us) is authorized by law. A careful reading of the case reveals that the court stated that an in globo sale under these circumstances is authorized only within certain confines. The court further explained this limitation as follows:
The creditor’s right to compel an in globo sale is not an unfettered one. LSA-R.S. 13:4365(0) provides that “[t]he property seized must be appraised with such minuteness that it can be sold together or separately.” This minuteness requirement has been construed as giving the debtor the right to request a separate sale by proving the prejudicial effect of an in globo sale. Stated another way, the minuteness requirement enables the debtor to establish that a separate sale would be more advantageous in that it would secure a potentially higher bid price.
First Federal Savings and Loan Association of New Iberia v. Moss, supra, at n. 2.
The prejudicial effect to the defendants by the in globo appraisal and sale of the three tracts of land is reflected by the following evidence in the record. The values of the tracts are greatly disparate. The first mortgages affecting the three tracts, executed in 1984, in connection with the first three sales reflect .the following:
Amount of Mortgage for Tract B-l: $440,-000
Amount of Mortgage for Tract B-2: $250,-000
Amount of Mortgage for Tract B-3: $132,-150
In 1986, the tracts were assessed separately for the purpose of ad valorem taxes as follows:
Tract B-l: $76,000
Tract B-2: $42,000
Tract B-3: $13,200
This disparity in value is due partly to the fact that Tract B-l has frontage on a public road; the other two tracts do not. Furthermore, Tract B-2 is closer to the road than Tract B-3, and Tract B-3 is subject to flooding. Tract B-l is zoned light commercial; Tracts B-2 and B-3 are zoned single family residential.
Both appraisers testified that the appraisal was done jointly on all three tracts of land as one single unit, and this value was then divided by three, to give each separate tract a “purchase price.” Both appraisers also testified that this valuation was not a proper *150 valuation of each separate tract of land in the light of the factors listed above. Obviously, this property was not appraised in accordance with LSA-R.S. 13:4365(0, (with such minuteness that it can be sold together or separately), and the appraisal, therefore, was not done in accordance with law.
Having found the appraisal process fundamentally defective, we need not address the allegations that the appraisals were also untimely.
For the foregoing reasons, the judgment of the trial court dismissing plaintiffs cause of action is affirmed. Costs of this appeal are assessed to the plaintiffs.
AFFIRMED.