649 So.2d 367 (1995)
Douglas Lidell WILLIAMS, et al.
v.
PERKINS-SIEGEN PARTNERSHIP, et al.
No. 93-C-2131.
Supreme Court of Louisiana.
January 27, 1995.
Rehearing Denied March 10, 1995.
Kenneth P. Haines, Shreveport, for applicant.
*368 Rodolfo J. Aguilar, Jr., Michael H. Rubin, James S. Holliday, Jr., and Michael A. Patterson, Baton Rouge, for respondent.
Mary Elizabeth Arceneaux, Baton Rouge, for Louisiana Bankers Ass'n, amicus curiae.
Michelle Ward Ghetti, Baton Rouge, for Southern University Law Center, amicus curiae.

ON REHEARING
KIMBALL, Justice.[*]
On original hearing,[1] this Court held that an in globo appraisal of separate tracts of land covered by a single mortgage was not so defective as to preclude a deficiency judgment in favor of a seizing creditor who sold the tracts in globo. However, we also held that the failure to submit the appraisals of the burdened tracts at least two days prior to the judicial sale thereof rendered the appraisals defective so as to deprive the creditor of a deficiency judgment. We granted rehearing to re-examine the correctness of these holdings.

FACTS AND PROCEDURAL HISTORY
Three separate but contiguous tracts of land were purchased from the plaintiffs herein by six of the defendants in three separate acts of cash sale on October 31, 1984. James J. and Patricia Copponex Hannie purchased tract B-1 for $766,470; Ronald K. and Lora Cross Ferris purchased tract B-2 for $422,880; and Thomas C. and Darlene Fasullo Lundin purchased tract B-3 for $132,150. On the same date, these six persons executed a promissory note payable to plaintiffs in the amount of $821,500, secured by a single collateral mortgage note paraphed ne varietur for identification with an Act of Collateral Mortgage. The mortgage affected the three tracts at issue, with each tract being separately described therein. On March 29, 1985, the Perkins-Siegen Partnership acquired the tracts through an Act of Sale With Assumption of Mortgage.
The defendants failed to make payments as provided in the promissory note and plaintiffs instituted executory proceedings on March 4, 1988. Pursuant to a Writ of Seizure and Sale issued on April 6, 1988, the subject tracts were seized. Defendants were subsequently properly served with Notices of Seizure and Notices to Appoint Appraiser. However, none of the defendants responded to their respective notices to appoint an appraiser, so the sheriff of East Baton Rouge Parish, pursuant to La. R.S. 13:4364, appointed John LeJeune as appraiser for the defendants. The plaintiffs appointed Norbert Schexnayder as their appraiser.
Mr. Schexnayder delivered his appraisal of the subject tracts to Mr. LeJeune's office on the afternoon of Friday, September 2, 1988, and LeJeune delivered his appraisal, along with the one completed by Schexnayder, to the sheriff's office later that same day. Each appraiser valued the entire parcel of property as a single economic unit with a fair market value of $615,000.00. The tracts were sold in globo to plaintiffs for $822,973.84 at a judicial sale on the morning of Wednesday, September 7, 1988. After paying costs, fees, and past due taxes, $770,000.00 was credited toward the debt of the defendants.
On October 18, 1988, plaintiffs instituted an ordinary proceeding for deficiency judgment against the defendants to collect the balance remaining on the promissory note after sale of the property. As defenses to plaintiffs' claim of entitlement to a deficiency judgment, defendants alleged that the appraisals were defective because: (1) each tract of land was not appraised with such minuteness that the land could be sold either separately or in globo, as required by La. R.S.3 13:4365;[2] and (2) the appraisals were delivered to the sheriff less than two days prior to the sale, in violation of La.R.S. 13:4363.[3]
*369 The trial court, finding the appraisals defective as to both minuteness and timeliness, held that plaintiffs were not entitled to a deficiency judgment. The court of appeal affirmed, holding that the in globo appraisals and sale were prejudicial to the debtors. Williams v. Perkins-Siegen Partnership, 623 So.2d 146 (La.App. 1st Cir.1993). However, because the court of appeal determined that the appraisals were defective due to the failure of the appraisers to appraise the property with such minuteness that it could be sold as separate tracts or in globo, the court did not address the timeliness issue. Id. On original hearing, this court affirmed the ruling of the court of appeal, but found the appraisals to be defective due to their untimely submittal to the sheriff, concluding that there was nothing wrong with the in globo nature of the appraisals or sale.

LAW
It is well settled in Louisiana that a creditor seeking to obtain a deficiency judgment has the burden of establishing compliance with two criteria: (1) insufficiency of the sale proceeds to satisfy the underlying debt; and (2) sale of the seized property after appraisal in accordance with the codal and statutory requirements for executory proceedings. See First Federal Savings & Loan Association of New Iberia v. Moss, 616 So.2d 648 (La.1993); First Acadiana Bank v. Bieber, 582 So.2d 1293 (La.1991); First Guaranty Bank, Hammond, Louisiana v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834 (La.1988) (on rehearing).
A debtor, on the other hand, may assert both negative and affirmative defenses against the deficiency judgment in the proceeding instituted therefor by his creditor. First Guaranty Bank, 529 So.2d at 842. The debtor may defend by demonstrating the creditor's failure to prove one of the aforementioned elements of his case, or by rebutting the existence of such an element. Id.

DISCUSSION

Minuteness of Appraisal
In the present case, plaintiffs have satisfied the first requirement for obtaining a deficiency judgment. The mortgaged tracts sold for $822,973.84 at the judicial sale. Of that amount, $770,000.00 was credited toward the debt of the defendants. However, at the time of the sheriff's sale, the debt secured by the mortgage exceeded $1,000,000.00 with accrued interest. Thus, it is clear that the sale proceeds were insufficient to satisfy the underlying debt of the defendants. As such, it is the second prerequisite to a deficiency judgment, sale of the seized property after appraisal in accordance with the codal and statutory requirements, which forms the basis of the present dispute.
In order to establish their entitlement to a deficiency judgment, plaintiffs are required to prove that the mortgaged property was sold after a valid appraisal in accordance with law. This requirement stems from La. Code Civ.P. art. 2771, which states:
Unless otherwise provided by law, the creditor may obtain a judgment against the debtor for any deficiency due on the debt after the distribution of the proceeds of the judicial sale only if the property has been sold under the executory proceeding after appraisal in accordance with the provisions of Article 2723.
La.Code Civ.P. art. 2723 provides in pertinent part:
Prior to the sale, the property seized must be appraised in accordance with law, unless appraisal has been waived in the act evidencing the mortgage, the security agreement, or the document creating the privilege and plaintiff has prayed that the property be sold without appraisal, and the order directing the issuance of the writ of seizure and sale has directed that the property be sold as prayed for.
Defendants herein contend that, based upon the above law, plaintiffs are precluded *370 from obtaining a deficiency judgment because the appraisals submitted in the executory proceeding failed to comply with La.R.S. 13:4365(C), which provides that "[t]he property seized must be appraised with such minuteness that it can be sold together or separately", and therefore were not made in accordance with law. In this case, as alleged by plaintiffs and admitted by both appraisers, the property in question was appraised in globo, rather than separately. Accordingly, defendants argue that the minuteness requirement has not been adhered to and that a deficiency judgment is therefore barred.
In determining whether the in globo appraisals submitted herein were valid, we look to the purpose for which the minuteness requirement was established. Several intermediate appellate courts have correctly noted that the purpose of minute appraisals is to protect debtors from unnecessary deficiency judgments by realizing as much money as possible from judicial sales. See First National Bank of Jefferson Parish v. Samuels, 618 So.2d 444 (La.App. 5th Cir.1993); Bank of New Roads v. Livonia South, Inc., 527 So.2d 1132 (La.App. 1st Cir.), writ denied 532 So.2d 150 (La.1988); International Harvester Credit Corp. v. Majors, 467 So.2d 1251 (La.App. 2d Cir.1985).
In the present dispute, it is clear that the defendants were fully protected from an unnecessary deficiency judgment by the method of appraisal employed. Separate appraisals of the three contiguous tracts would not have resulted in a greater cumulative appraised value than that obtained through in globo valuation. In fact, the converse would have been true, as both of the appraisers testified that their appraisals resulted in the highest possible value of the subject tracts. Accordingly, requiring "minute appraisals" in this case would in no way have increased the amount realized upon sale of the property, nor would it have decreased the amount of the deficiency judgment faced by defendants.
Thus, plaintiffs, when presented with a challenge to their right to a deficiency judgment on the basis of alleged defects in the appraisal process, met the challenge by clearly showing that the defendants were in no way prejudiced by the in globo appraisals of the mortgaged property, and that the purpose of the appraisal process was served. Defendants failed to rebut this showing and, in fact, failed to offer any evidence that separate appraisals would have resulted in a higher cumulative valuation of the subject tracts. We therefore hold that the failure to conduct separate appraisals in this case does not bar plaintiffs from obtaining a deficiency judgment.

Timeliness of Appraisal
The trial court herein, and this court on original hearing, held that plaintiffs were precluded from obtaining a deficiency judgment because the appraisals were not submitted to the sheriff in a timely fashion under La.R.S. 13:4363(A). In pertinent part, La.R.S. 13:4363(A) provides that "[t]he appraisal of the debtor and seizing creditor shall be made and delivered to the sheriff at least two days, exclusive of holidays, prior to the time of the sale." In this case, the appraisal of Norbert Schexnayder, plaintiffs' appraiser, was submitted to the sheriff on the afternoon of Friday, September 2, 1988. The following Monday, September 5, 1988, was Labor Day, a legal holiday. The judicial sale was held on the morning of Wednesday, September 7, 1988. Thus, it appears that less than two days elapsed between the time the creditor's appraisal was submitted to the sheriff and the time of the judicial sale.
Nonetheless, the fact that an appraisal is untimely submitted does not necessarily mean that it is so defective as to preclude the creditor from obtaining a deficiency judgment. As with the minuteness requirement, we must look to the purpose for which the "two day delay" was enacted.[4] This purpose can be gleaned from an examination of the entire statutory appraisal scheme.
La.R.S. 13:4363 requires the sheriff to serve written notice on the debtor and on the seizing creditor, directing each to name an appraiser and notify the sheriff of his appointment at least four days, exclusive of holidays, prior to the time of the sale. If appraisers are appointed by the parties involved, their appraisals must be delivered to the sheriff at least two days prior to the time of the sale. Id. If, however, a party fails to appoint an appraiser or to notify the sheriff within the time designated, the sheriff shall appoint one for him. La.R.S. 13:4364. When the debtor's and creditor's appraisers cannot agree on a valuation, and the difference *371 between their values is substantial, the sheriff must appoint a third appraiser, whose valuation of the property shall be final. La. R.S. 13:4365(B). Appraisals by sheriff-appointed appraisers shall be made and delivered to the sheriff at any time prior to the sale. La.R.S. 13:4364(B) and 4365(E).
A review of the foregoing statutes reveals that R.S. 13:4363 was designed to benefit the sheriff whose duty it is to conduct the judicial sale. The primary purpose of the two day requirement is to provide the sheriff with sufficient time to appoint a third appraiser in those cases where the parties' appraisers do not agree on valuation and the variance between their values is outside the statutory limit fixed by R.S. 13:4365(B). In the present case, however, both appraisers submitted identical valuations of the subject tracts. Thus, there was no need for the sheriff to appoint a third appraiser. Accordingly, the untimely delivery of the creditor's appraisal had no adverse effect on the executory proceedings and defendants may not rely on the untimeliness of the submission of the appraisals to bar a deficiency judgment.

DECREE
For the foregoing reasons, the decisions of the lower courts are reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.
LEMMON, J., subscribes and assigns additional reasons.
HALL, J., concurs in the additional reasons assigned by LEMMON, J.
LEMMON, Justice, subscribing and assigning additional reasons.
In their minuteness argument, defendants assert that the appraisal was deficient because of the absence of separate appraisals of the three tracts. However, the appraisal on its face showed both in globo and separate valuations of the tracts. This met the legal requirement of minuteness, even though the separate values apparently were arrived at by dividing the in globo value by three. Thus, defendants are really objecting to the accuracy of the separate appraisals as violative of professional appraisal standards.
We need not reach the question of whether a judgment debtor, in the absence of fraud, can question the accuracy of appraisals submitted by the appraisers appointed by the judgment creditor or the sheriff, especially when the judgment debtor has failed to appoint his own appraiser. In this particular case, defendants were not prejudiced by any inaccuracies in the separate appraisals because both appraisers agreed that the unchallenged in globo appraisal represented the highest value for the property. Furthermore, there is no suggestion of fraud in the appraisal process.

ON REHEARING
LEMMON, Justice, Concurring in the Denial of Rehearing.
One purpose of the minuteness requirement for appraisals is to take advantage of the generally larger number of potential bidders for smaller tracts of land than for larger tracts. Generally, the greater the number of potential bidders, the greater is the prospect of realizing a higher overall sales price for the entirety of the judgment debtor's property at the judicial sale.
Nevertheless, in the present case, the undisputed expert evidence was that the highest and best use of the judgment debtor's property was as a single commercial tract. Accordingly, its value as a single tract was greater than its value as three parcels. Inasmuch as the successful bid was higher than the appraised value in the property's most valuable use, there was no prejudice from any violation of the minuteness requirement in the appraisal.
NOTES
[*] Justice Pike Hall, Jr., retired, participating in the decision by assignment, the case having been argued prior to his retirement. Judge Felicia Toney Williams, Court of Appeal, Second Circuit, participating as Associate Justice Pro Tempore, effective September 1, 1994.

Calogero, C.J., not on the panel. Rule IV, Part 2, § 3.
[1] Williams v. Perkins-Siegen Partnership, 93-2131 (La. 3/11/94); 633 So.2d 1247 (opinion withdrawn upon grant of rehearing).
[2] La.R.S. 13:4365 provides in pertinent part:

C. The property seized must be appraised with such minuteness that it can be sold together or separately.
[3] La.R.S. 13:4363 provides in pertinent part:

A. Not less than seven days, exclusive of holidays, before the sale of seized property, the sheriff shall serve written notice on the debtor and on the seizing creditor, in the manner provided for the service of a citation, directing each to name an appraiser to value the property and to notify the sheriff of his appointment prior to the time stated in the notice, which shall be at least four days, exclusive of holidays, prior to the time of the sale. The appraisal of the debtor and seizing creditor shall be made and delivered to the sheriff at least two days, exclusive of holidays, prior to the time of the sale.
[4] On original hearing, the majority stated that the purpose of requiring submission of the appraisals two days prior to the sale was to encourage more competitive bidding for the seized property. After closer examination of the legislative history of La.R.S. 13:4363(A), we find that promoting bids was not the purpose of the statute. This is made clear by the fact that the original version of the statute, as enacted by 1960 La. Acts No. 32, § 6, contained no deadline for delivery of appraisals to the sheriff. Also, after amendment in 1978 to impose a two day delay, 1978 La. Acts No. 407, § 1, the statute was again changed in 1981 to allow appraisals to be submitted to the sheriff on the day of the sale. 1981 La. Acts No. 140, § 1. Finally, the statute was amended to its present form by 1982 La. Acts No. 836, § 1. Had promotion of bids been the impetus for the two day delay, the statute would not have allowed appraisals to be submitted up to the time of the sale for the greater part of its existence.