PAYNE, J,
for the Court:
¶ 1. Waddell Mayze was convicted in the Circuit Court of Holmes County, Mississippi on two counts of sale of cocaine and sentenced to serve consecutive terms of three years in custody of the Mississippi Department of Corrections. He appeals asserting three assignments of error
*500 I. THE JURY’S VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
II. THE TRIAL COURT ERRED IN NOT EXCLUDING THE TESTIMONY OF A WITNESS WHOSE IDENTITY WAS NOT DISCLOSED UNTIL THE MORNING OF THE TRIAL.
III. THE TRIAL COURT ERRED IN PERMITTING REBUTTAL TESTIMONY.
FACTS
¶ 2. On October 3, 1996, the North Central Narcotics Task Force operated in Thornton, Mississippi. Agent Noel Coffee testified that he purchased two packets of cocaine for a total of $40 from Mayze. These purchases occurred within minutes of one another. Coffee was wearing a body microphone which failed to work properly. However, the purchases were videotaped, but this videotape was of poor quality. A central issue was whether the individual filmed selling the cocaine was Mayze.
ANALYSIS OF THE ISSUES PRESENTED
I. THE JURY’S VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 3. Mayze asserts that the trial court erred in not granting a new trial or in the alternative a judgment notwithstanding the verdict. A motion for new trial deals with the weight of the evidence; our standard of review regarding a motion for new trial is stated in McClain v. State, 625 So.2d 774 (Miss.1993):
Matters regarding the weight and credibility of the evidence are to be resolved by the jury....
Moreover, the challenge to the weight of the evidence via motion for a new trial implicates the trial court’s sound discretion. Procedurally such challenge necessarily invokes [Uniform Circuit and County Court Rule 10.05]. New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. We reverse only for abuse of discretion....
McClain, 625 So.2d at 778-81 (citations omitted).
¶ 4. A motion for JNOV deals with sufficiency of the evidence; our standard of review concerning the trial court’s denial of JNOV is also described in McClain:
In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [defendant’s] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence .... We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
McClain, 625 So.2d at 778 (citations omitted).
¶ 5. In the videotape a man whom the State contended was Mayze appears without having a shirt on his upper body. Coffee identified Mayze as the man shown in the tape selling cocaine and made a positive identification at the trial. However, Mayze testified that while he was serving a sentence for a prior conviction, he had his chest tatooed. The videotape does not distinctly show the tatoo. Mayze put forth a witness, Roosevelt Johnson, who testified that he was one of the men shown on the videotape, and that he had known Mayze his whole life-time, but Mayze was not the individual appearing without a shirt. Johnson’s testimony, however, was impeached with previous statements he had made to the effect that Mayze was in fact the man shown on the videotape. Further, a deputy with the Holmes County Sheriffs *501 Office, Lee Lacy, testified that he had known Mayze for approximately twenty years and identified him as the man in the videotape.
¶ 6. Viewing the evidence in a light most favorable to the State, reasonable jurors could have concluded Mayze sold the cocaine, and the evidence is not contrary to the overwhelming weight of the evidence. The trial court did not err in denying Mayze’s motion for a new trial or in the alternative a judgment notwithstanding the verdict.'
II. THE TRIAL COURT ERRED IN NOT EXCLUDING THE TESTIMONY OF A WITNESS WHOSE IDENTITY WAS NOT DISCLOSED UNTIL THE MORNING OF THE TRIAL.
¶ 7. Mayze contends that the trial court erred in not excluding the testimony of Lacy whose identity was not disclosed until the morning of the trial. Names of witnesses are to be disclosed upon written request. Nicholson v. State, 704 So.2d 81, 88-89 (Miss.1997) (citing Uniform Rules of Circuit Court 9.04). See also Johnson v. State, 744 So.2d 833, 835 (Miss.Ct.App.1999); Proby v. State, 726 So.2d 264, 269 (Miss.Ct.App.1998). However, in this case Mayze failed to make a written discovery request. Thus, no legal duty arose for the State to provide discovery. See Brock v. State, 530 So.2d 146, 151 (Miss.1988); Proby, 726 So.2d at 269. Nevertheless, his attorney stated other discovery had been voluntarily provided by the State, and it appears from comments by both the prosecutor and defense counsel that Lacy was only discovered the day of trial. In fact, he had only been hired by the sheriffs office some twenty days before the trial and had no role in Mayze’s arrest. His only testimony was to identify Mayze as being the man in the videotape.
¶8. The trial court ruled no discovery violation occurred as Mayze failed to request discovery. The trial court further ruled that in the interests of justice, it failed to see what prejudice could arise from allowing the testimony provided that Mayze be given opportunity to interview Lacy before the testimony. There was no discovery violation, and this assignment of error is without merit.
III. THE TRIAL COURT ERRED IN PERMITTING REBUTTAL TESTIMONY.
¶ 9. Mayze contends that the trial court erred in permitting rebuttal testimony of Willie March, the Sheriff of Holmes County. Mayze testified and denied he appeared in the videotape. He also testified that March “looked at it [the videotape] before when we first looked at it, and he said he couldn’t tell who it was on that tape.” Mayze contends March was not qualified as an expert in identification and was not at the scene of the arrest and should not have been permitted to testify.
¶ 10. First, Mayze made several objections to March’s testimony but none based upon expert qualifications or his identification of Mayze. An evidentiary issue must have been raised by contemporaneous objection to be preserved for appeal. Jamison v. State, 741 So.2d 359, 364 (Miss.Ct.App.1999); Jackson v. State, 743 So.2d 1008, 1011 (Miss.Ct.App.1999); Haddox. v. State, 636 So.2d 1229, 1240 (Miss.1994). As such, whatever merit Mayze argument has as to whether or not March was qualified to state an expert opinion was waived.
¶ 11. The objections that were raised went to questions asking March to testify to things not attributed to him by Mayze. These were sustained. March was allowed to testify that he had told Mayze previously, “the tape is not a good quality tape, but he is on the tape.” He also identified Mayze in court as being the person he previously identified. A witness’s credibility may be attacked on rebuttal, and the decision to admit such evidence is within a trial court’s discretion. Ruffin v. State, 736 So.2d 407, 409 (Miss.Ct.App.1999); Fuente v. State, 734 So.2d 284, 291 (Miss.Ct.App.1999). Nothing in *502 the record discloses that there was an abuse of discretion. This assertion of error has no merit.
¶ 12. THE JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT OF CONVICTION ON COUNTS I AND II OF SALE OF COCAINE AND SENTENCES OF THREE YEARS ON EACH COUNT TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR.