813 So.2d 742 (2001)
Willie Walter COX a/k/a Black, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00640-COA.
Court of Appeals of Mississippi.
October 2, 2001.
Rehearing Denied March 26, 2002.
*744 Wesley Thomas Evans, Ridgeland, Attorney for Appellant.
Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
Before KING, P.J., BRIDGES, and IRVING, JJ.
BRIDGES, J., for the court:
¶ 1. This case comes from the Circuit Court of Yazoo County, Honorable Jannie M. Lewis presiding. Willie Walter Cox was found guilty of the crimes of kidnapping and robbery by a jury of his peers. Cox now appeals to this Court bringing four issues:
1. WHETHER ADMISSION OF TAPE STATEMENTS CONSTITUTES REVERSIBLE ERROR BY THE LOWER COURT?
2. WHETHER THE COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO GRANT A DIRECTED VERDICT?

*745 3. WHETHER INEFFECTIVE ASSISTANCE OF COUNSEL WAS RENDERED WHEN ATTORNEY FAILED TO FILE MOTION FOR DISCOVERY?
4. WHETHER THE TRIAL COURT SHOULD HAVE GRANTED A MISTRIAL WHEN THE STATE REPEATEDLY MADE REFERENCES TO A RAPE AND MENTIONED AN ALLEGED RAPE DURING CLOSING ARGUMENTS?
Finding no error, we affirm.

STATEMENT OF THE FACTS
¶ 2. On November 2, 1996, Elizabeth Branch, a resident of Columbus was visiting her father, Lawrence Branch, in Lexington, Mississippi. Elizabeth was eighteen years old, and had not seen Lawrence in several years, but the two of them had lately reconciled. Elizabeth was visiting so she could spend time with Lawrence, her little brother, and some other relatives she had not seen in some time. While there, she and Lawrence left his home to go and pick up her little brother from a friend's house. On the way to the friend's house, Lawrence stopped at a house. Lawrence told Elizabeth he had to pay the maid, but in actuality he was there to buy drugs. Lawrence told Elizabeth not to get out of the car and to wait for him there. During the trial, Lawrence testified Elizabeth knew nothing of the drugs.
¶ 3. While waiting in the passenger seat of the car, Elizabeth noticed two black males wearing ski masks. Elizabeth testified the two men approached the car, and one entered the driver's side of the car and the other entered the passenger side of the car, pushing Elizabeth between them. Elizabeth testified Terrance Stewart was the man who drove the car and William Cox was the man who got in the passenger seat. Stewart testified he got into the back seat, and that it was Cox who got in on the driver's side of the car. They told Elizabeth her father wanted her to take them to the store. Lawrence Branch testified he had said no such thing, and that he did not know Cox or Stewart. They then drove the car away from the house.
¶ 4. Elizabeth testified Stewart began driving the car very fast, and Cox took Elizabeth's shirt off. Elizabeth tried to jump into the back seat, but Cox grabbed her and made her sit back down between the two of them. Cox told her Stewart had a gun. They then pulled off onto a gravel road. Stewart got out of the car, and Cox then raped Elizabeth. After the rape was over, Stewart got back in the car and drove the three of them to Yazoo City.
¶ 5. Once they arrived in Yazoo City, the two men asked Elizabeth if she had any money, credit cards, or jewelry. Elizabeth told them no, but they searched her purse and found her check book and ATM card. Stewart drove the car over to the Deposit Guaranty Bank, and Cox went with Elizabeth to the ATM machine, all the while holding a gun to her back. Elizabeth withdrew three hundred dollars and gave it to Cox.
¶ 6. Upon getting back in the car, Cox told Elizabeth they were going to take her to Chicago and she would have to marry one of them. They then drove to a club in Tchula, where the two men made Elizabeth go in with them while they bought marijuana. After the purchase, Stewart and Cox took Elizabeth to a pay phone and Cox made her call home to tell her stepmother she was on her way home. During the phone call, Cox grabbed the phone from Elizabeth and hung it up.
¶ 7. Cox and Stewart then took Elizabeth to Melvin's one stop in Sidon, Mississippi, so they could buy smoking paraphernalia with which to smoke the marijuana. Elizabeth tried to mouth the word "help" *746 to the store owner, and she tried to go to the bathroom to get away from them. Cox accompanied her into the bathroom. They then bought some beer and left the store.
¶ 8. After getting back in the car, they headed towards Greenwood. During the drive, Cox forced Elizabeth to smoke some crack he had brought along. Cox threatened to kill her if she refused. Elizabeth took a puff, but did not inhale. The two men also forced her to take a drag off of a marijuana cigarette.
¶ 9. Upon arriving in Greenwood, the two men considered stealing a Cadillac, but thought better of it and went to get some chicken at Church's Chicken. After eating, the two men took Elizabeth and drove around some more, going as far north as a club near Grenada. They told her if she would give them six hundred dollars they would let her go. Elizabeth responded she did not have that much money, but she would give them the rest of the money in her bank account and her car if they would let her go. The two men then returned to Greenwood, took Elizabeth to the Valley Bank, and Cox forced her to get two hundred dollars out of the ATM machine. This was again done at gunpoint.
¶ 10. Stewart and Cox then headed back towards Lexington. At this point, Cox told Elizabeth he had a tape recorder and he told her she had better agree with everything he said. He then told her she had consented to having sex with him, and she had given him the money as a gift. They drove down several gravel roads, eventually ending up at a club. At the club, the two men wiped the car down, and told Elizabeth she was not to tell anyone what happened to her or they would hurt her family. They told Elizabeth they knew where she lived and would kill her and her father if she told. The two men then left Elizabeth, and she called the police.
¶ 11. During the trial, Stewart testified against Cox and corroborated Elizabeth's testimony. Cox testified in a pretrial statement he did not remember doing any of these things to Elizabeth because he had been too high. This statement was tape recorded and later transcribed. During trial, Cox testified Elizabeth had consented to both the sex and the drug use. The earlier transcribed statement was offered against Cox as well as the tape recording. The jury found Cox guilty of both robbery and kidnaping.

STATEMENT OF THE LAW

STANDARD OF REVIEW
¶ 12. "Evidentiary rulings are within the broad discretion of the trial court and will not be reversed absent an abuse of discretion." Dobbs v. State, 726 So.2d 1267(¶ 25) (Miss.Ct.App.1998).
¶ 13. A motion for a directed verdict and a motion for JNOV challenges the sufficiency of the evidence. The standard of review for a challenge to the sufficiency of the evidence is stated in McClain v. State, 625 So.2d 774, 778 (Miss.1993):
In appeals from an overruled motion for JNOV, the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence ... consistent with guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable *747 and fair-minded jurors could only find the accused not guilty.
(citations omitted); see also Williams v. State, 595 So.2d 1299, 1302 (Miss.1992); Heidel v. State, 587 So.2d 835, 838 (Miss. 1991); Roberts v. State, 582 So.2d 423, 424 (Miss.1991).
¶ 14. The standard to be applied in claims of ineffective assistance of counsel is well known. The defendant must prove his attorney's performance was defective and the deficiency deprived the defendant of a fair trial. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). This deficiency is assessed by looking at the totality of the circumstances. Id. There is also a strong presumption the attorney's conduct fell within the wide realm of reasonable professional assistance, and this review is highly deferential to the attorney. Id.
¶ 15. The decision to grant a mistrial is solely in the sound discretion of the trial judge, and to prove a mistrial should have been granted one must prove failure to grant a mistrial was an abuse of this discretion. Cook v. State, 728 So.2d 117, (¶ 12) (Miss.Ct.App.1999). "The standard of review that appellate courts must apply to lawyer misconduct during opening statements or closing arguments is whether the natural and probable effect of the improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created." Sheppard v. State, 777 So.2d 659(¶ 7) (Miss.2001).

ANALYSIS

1. WHETHER ADMISSION OF TAPE STATEMENTS CONSTITUTES REVERSIBLE ERROR BY THE LOWER COURT?
¶ 16. This issue centers around a tape recording made while Cox gave a pretrial statement to the police about his role in the events on the night in question. Cox argues the trial court should not have allowed the tape recording into evidence without allowing his counsel a chance to examine the tape. Cox claims the trial court violated his Fifth and Fourteenth Amendment due process right to a fair trial, and the State's failure to turn over the tape was a discovery violation. The State counters by pointing out Cox already possessed a transcription of the contents of the tape. The State also notes Cox knew such a tape probably existed but never asked for it, or anything else, in discovery.
¶ 17. After a review of the pleadings and the record, this Court finds no request for discovery from Cox. This Court has previously held when a defendant has failed to make a written discovery request no legal duty arises requiring the State to provide discovery. Mayze v. State, 758 So.2d 499 (¶ 7) (Miss.Ct.App.2000). Since Cox made no written request for the State to produce evidence, tape recorded or otherwise, then it cannot be considered a discovery violation for the State not to have produced it.
¶ 18. Cox relies on two cases in arguing the trial court should not have allowed the tape in. The first is McCaine v. State, in which the Mississippi Supreme Court held a late objection to the trial court allowing a full tape into evidence was not a procedural bar to raising this issue on appeal. McCaine v. State, 591 So.2d 833, 836 (Miss.1991). The McCaine case is distinguishable from this one because in McCaine defense counsel filed a proper request for discovery. Id. at 835. Since there was no such request filed in this case, McCaine is inapplicable. The second case Cox bases his argument on is Cousan v. State, in which a tape recording was requested and the State failed to produce it. Cousan v. State, 543 So.2d 177, 179 (Miss.1989). This case is inapplicable for *748 the same reason McCaine was inapplicable, defense counsel properly requested discovery unlike the present case.
¶ 19. Since there was no discovery violation present, our analysis must shift to deciding whether there was reversible error here or whether the trial judge abused her discretion in letting the tape recording into evidence. The only authority Cox cites is inapplicable to the facts of this case, and Cox has failed to present any other basis for prejudice resulting from the jury being allowed to hear the tape. As stated above, a trial judge has broad discretion in determining evidentiary matters, and her rulings will not be overruled absent an abuse of discretion. Dobbs, 726 So.2d at (¶ 25). This Court finds no such abuse present in this case and therefore affirms the trial court.

2. WHETHER THE COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO GRANT A DIRECTED VERDICT?
¶ 20. In raising this issue, Cox claims the trial court erred in refusing to grant him a directed verdict. Cox argues the evidence in this case was not enough to prove beyond a reasonable doubt he committed the crimes for which he was convicted. Cox points out his testimony contradicts Elizabeth Branch's testimony, and therefore no juror could find him guilty. The State refers to the testimony of Elizabeth Branch, the testimony of Terrance Stewart, and stresses the evidence supporting Cox's conviction. The State also emphasizes the standard of review this Court must follow in cases dealing with whether a directed verdict should have been granted. This Court agrees with the State.
¶ 21. As stated above, a challenge to the trial court's refusal to grant a directed verdict is basically a challenge to the sufficiency of the evidence. James v. State, 777 So.2d 682(¶ 16) (Miss.Ct.App.2000). In reviewing a challenge to the sufficiency of the evidence, this Court is to employ a standard of review that is highly deferential to the State. McClain, 625 So.2d at 778. This Court shall accept as true all credible evidence supporting the conviction, give the State the benefit of all reasonable inferences that can be drawn from the evidence, and will only reverse if a reasonable juror could only find the accused not guilty. Id. at 778; Davidson v. State, 734 So.2d 252 (¶ 4) (Miss.Ct.App. 2000).
¶ 22. With these standards in mind, it is quite clear the evidence was sufficient to support the jury verdict. Taking Elizabeth's testimony and the testimony of Terrance Stewart as true, then it becomes obvious Cox was guilty of the crimes of armed robbery and kidnapping. Cox forced Elizabeth to withdraw money from the ATM machine, took her personal property against her will, put her in fear for her life by showing her a pistol, and threatened to shoot her. This fulfills the requirements for armed robbery as set out in the Mississippi Code Annotated § 97-3-79 (Rev.2000). It is also clear Cox forcibly seized and confined Elizabeth with the intent to imprison her against her will, thus fulfilling the elemental requirements of the crime of kidnapping as set out in Mississippi Code Annotated § 97-3-53 (Rev. 2000). The State was successful in proving the elements of each of the crimes of which Cox was convicted, and we are to give the prosecution the benefit of all favorable inferences. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). Therefore, it is perfectly clear that a reasonable juror could have found Cox guilty. Since this is the case, this Court must affirm the holding of the jury and affirm Cox's conviction.

3. WHETHER INEFFECTIVE ASSISTANCE OF COUNSEL WAS RENDERED *749 WHEN ATTORNEY FAILED TO FILE MOTION FOR DISCOVERY?
¶ 23. Cox argues he was denied effective assistance of counsel because his attorney failed to file a request for discovery. This issue specifically deals with the taped statements Cox made to the police, and defense counsel's failure to request discovery of these tapes. Cox claims this failure on the part of his attorney amounts to ineffective assistance of counsel, and thus requires reversal. The State counters by arguing Cox did receive effective counsel, and that Cox fails to demonstrate how his defense was prejudiced by any deficiencies which might have existed.
¶ 24. In cases of ineffective assistance of counsel, the two prong test set out by the United States Supreme Court in the case of Strickland v. Washington governs this Court's review. Hall v. State, 735 So.2d 1124 (¶ 5) (Miss.Ct.App.1999) (citing Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984)). "`First' said the Supreme Court, `the defendant must show that counsel's performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defense.'" Ferguson v. State, 507 So.2d 94, 95 (Miss. 1987) (quoting Strickland, 466 U.S. at 686, 104 S.Ct. 2052). There is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance, and even if an appellant can prove counsel's performance was deficient, they must also show a reasonable probability that "but for" the deficiency a different result would have occurred. Hall, 735 So.2d at (¶ 7).
¶ 25. Cox relies on the case of Triplett v. State in arguing his attorney's assistance was deficient. Triplett v. State, 666 So.2d 1356, 1361 (Miss.1995). Failing to file a discovery request could probably be considered deficient. Familiarity with both sides of a case is essential to representing a client effectively. The State, in fact, does not strenuously contest this part of the two part Strickland analysis. However, the question of whether the outcome of Cox's trial would have been any different is another matter. Defense counsel did possess a transcription of the contents of the tape, and this transcription was offered into evidence. Since the tape and the transcription contained the same information, Cox can hardly argue his case was prejudiced by a piece of evidence of which his counsel had a copy and was going to be admitted into evidence anyway. Cox completely fails to prove any way in which his counsel's deficiency would have led to a different outcome other than his conviction. To prove ineffective assistance of counsel an appellant must meet both prongs of the Strickland test, and Cox fails to meet the second prong. Carter v. State, 775 So.2d 91 (¶ 17) (Miss.2001). For this reason, this Court holds Cox received effective assistance of counsel, and we affirm as to this issue.

4. WHETHER THE TRIAL COURT SHOULD HAVE GRANTED A MISTRIAL WHEN THE STATE REPEATEDLY MADE REFERENCES TO A RAPE AND MENTIONED AN ALLEGED RAPE DURING CLOSING ARGUMENTS?
¶ 26. Cox argues references to the rape of Elizabeth Branch made by the prosecution throughout the trial and during closing arguments prejudiced the jury against him. Cox claims these references to the rape impaired his right to a fair trial and the judge should have granted a mistrial. The State points out Cox failed to object to mention of the rape made during witness testimony and that the judge sustained the objection Cox made during the State's closing, even offering *750 a jury instruction to keep the jury from inferring guilt for the crimes charged.
¶ 27. A judge has great discretion in deciding whether to grant a mistrial, and we will only reverse a judge's decision to deny a mistrial when an abuse of discretion is shown. Cook, 728 So.2d at (¶ 12). During the testimony of Elizabeth Branch and Terrance Stewart, mention was made of the rape committed by Cox. None of these statements were objected to by Cox. To properly preserve an error for appeal, an objection must be made. Jackson v. State, 743 So.2d 1008(¶ 32) (Miss.Ct. App.1999). Cox did not object to these statements, and therefore, they cannot be dealt with on appeal. The statement made by the prosecution during closing arguments was objected to by defense counsel, and was therefore properly preserved. However, the trial judge sustained the objection and gave the jury an instruction dealing with the issue of rape. The instruction stated Cox was not charged with rape, and that the jury should not and could not consider any of the evidence of rape in determining whether Cox was guilty of the crimes charged. "We are reminded that the trial judge is in the best position to determine whether an objectionable remark has had any prejudicial effect and for that reason the trial court is allowed considerable discretion in determining whether a remark was so prejudicial as to warrant a mistrial." Mills v. State, 763 So.2d 924, (¶ 17) (Miss.Ct.App. 2000). Obviously the trial judge in this case did not find the statement to be so prejudicial as to require a mistrial. This Court agrees. The offering of the jury instruction negates any alleged prejudice, and, for this reason, we affirm.

CONCLUSION
¶ 28. The lower court did not commit reversible error by allowing the taped statements into evidence, nor did it do so when it refused to grant Cox a directed verdict. Cox was not rendered ineffective assistance of counsel. Also, the trial court was correct in refusing to grant Cox a mistrial. Therefore, this Court affirms Cox's conviction.
¶ 29. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY OF CONVICTION OF COUNT I, KIDNAPING AND SENTENCE OF TEN YEARS AND COUNT II, ROBBERY AND SENTENCE OF FIVE YEARS, SAID SENTENCES TO RUN CONSECUTIVELY, TO BE SERVED IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.