SOUTHWICK, P.J.,
for the court.
¶ 1. Boris Harper appeals his conviction after a jury trial on three counts of aggravated assault and one count of capital murder. Harper argues the trial court erred in failing to grant his motion for a judgment notwithstanding the verdict or a new trial due to the State’s failure to disclose a substantive change in a material witness’s intended testimony. We disagree and affirm.
FACTS
¶ 2. On March 28, 2001, Boris Harper and Tome Ellis entered a country grocery store. They were armed and their faces partially masked with handkerchiefs. They demanded the money from the register as well as from the patrons in the store. At least forty shots were fired during the robbery, leaving three people wounded and one, store co-owner Rita Funderburk, dead.
¶ 3. One of the injured customers, Reola Hightower, initially told police that she did not know either of the robbers. She gave a physical description of them. At trial, though, Hightower testified that she had recognized Harper immediately because he was her son’s acquaintance and had visited her home several times in the past. High-tower also testified that she told the ambulance attendant who transported her to the hospital she had recognized one of the gunmen.
¶ 4. Defense counsel briefly interviewed Hightower a few weeks before trial. *1288 Counsel informed the court that Hightower told him then that it was not until a court proceeding involving the co-defendant Ellis that she realized she knew Harper. Counsel could not state what hearing that would have been or when it was held. It is clear, though, that defense counsel knew before trial that Hightower would identify his client as one of the robbers. She explained her late acknowledgment of knowing the robber’s identity as a result of the trauma of events and that she had required time to get things sorted out in her mind. Harper made no objection to the testimony.
¶ 5. Harper was convicted and sentenced to life imprisonment without parole on the murder charge and twenty years’ imprisonment on each aggravated assault charge, also without parole.
DISCUSSION
¶ 6. Harper claims it was reversible error for the State to fail to disclose a significant change in Hightower’s statement regarding her identification of Harper as a perpetrator. Each party to a criminal prosecution has a continuing duty to supplement discovery in a timely fashion. URCCC 9.04(E). This duty includes notifying the opposing party promptly of any newly acquired discoverable evidence. Id. Substantive changes in a prior statement are within the scope of this rule.
¶ 7. Harper did not object to the introduction of Hightower’s testimony at the time it was given. Ordinarily, failure to make a contemporaneous objection waives the issue on appeal. McCaine v. State, 591 So.2d 833, 835 (Miss.1991). This procedural bar may not be applied when the failure to make timely objection is reasonably explained or involves discovery highly significant to the defendant’s case. Id. at 836. We will examine the level of significance. One of the difficulties in analyzing this issue is that High-tower’s answer to counsel’s cross-examination questions were not completely clear. Nonetheless, we accept for purposes of this issue that Hightower did agree that a few weeks before trial, she misinformed counsel about when she first realized Harper’s identity.
¶ 8. Harper alleges that the prosecutor was obviously surprised as well. There is no evidence of that. It is clear from testimony that the investigator assigned to the case was aware in advance of trial of what Hightower’s testimony would be. Even were the prosecuting attorney equally surprised, that does not provide an excuse- to Harper for failing to object. It was Harper who alleges error and thus his duty to object. In order for a valid discovery objection to exist, someone for the State must have been aware pre-trial of the change in the witness’s explanation of events, since otherwise the new version is not in the possession of either party for it to be disclosed. The knowledge of one governmental officer will be imputed to the prosecutor, regardless of the good or bad faith of that particular individual. State v. Blenden, 748 So.2d 77, 86 (Miss.1999).
¶ 9. These facts are some evidence of a discovery violation. There still was a duty to object, though, unless there was plain error affecting a fundamental right. Randle v. State, 827 So.2d 705, 709 (Miss.2002). The witness’s identification of Harper was known well in advance of trial; the discrepancy is in the timing of her recognition. Whether Hightower told counsel a few weeks before trial that she had immediately recognized Harper during the robbery or told him that she did so only sometime later, counsel knew she would make a positive identification. At most, immediate identification made somewhat stronger testimony than a delayed recognition would have.
*1289 ¶ 10. The question remains of whether that difference resulted in a violation of a fundamental right. In substance, Harper’s counsel is arguing that he was unable to prepare an adequate defense because of the surprisingly stronger identification that Hightower made as a witness. In fact, though, the change in testimony was minor. It was a positive identification in either version. Moreover, even had this statement been excluded, Harper was identified in court by various witnesses to the crime. His fingerprints and palm prints were found at the scene. A jailer testified that at the Coahoma County jail Harper made unsolicited inculpatory statements.
¶ 11. On this record, Reola Hightower’s somewhat varying claims as to just when she realized Harper’s identity did not prejudice the defendant.
¶ 12. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF COUNT ONE CAPITAL MURDER AND SENTENCE OF LIFE; AND THREE COUNTS OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS ON EACH COUNT, ALL TO RUN CONSECUTIVELY TO EACH OTHER AND TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.