506 So.2d 974 (1987)
Franklin D. RUSSELL
v.
STATE of Mississippi.
No. 56133.
Supreme Court of Mississippi.
February 11, 1987.
Rehearing Denied May 20, 1987.
William B. Kirksey, Kirksey & DeLaughter, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and DAN M. LEE and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
Franklin D. Russell was tried and convicted in the Circuit Court of the First Judicial District of Hinds County, for the crime of gratification of lust, and was sentenced in a separate hearing to serve 10 years in the Mississippi Department of Corrections as an habitual offender and pay a fine of $1,000.
Russell appeals and assigns the following as error:
I. The trial court erred in failing to grant a mistrial as a result of prosecutorial misconduct during the state's closing argument;
II. The trial court erred in refusing to grant a j.n.o.v. or, in the alternative, a new trial, in that the verdict of guilt was against the overwhelming weight of the evidence.
The evidence adduced at trial established that on October 12, 1983, appellant went to the home of the victim's parents to do some renovative work on the upstairs bedroom. Testimony showed that around 3:15 in the afternoon, the eleven-year-old victim arrived home and watched television for approximately 1/2 hour before appellant discovered her presence downstairs. The victim testified that at his request, she went upstairs to try on a leather vest that Russell had made for her, and proceeded to allow Russell to "size" it for her (a process *975 which apparently involves wetting the vest and stretching it to fit the wearer). Appellant wet the vest in the bathroom sink and then requested that the victim change out of her blue jeans and sweater and into a thinner shirt, and had her stand at the sink in the shirt and her underwear alone for the stated purpose of sizing the vest. Further testimony elicited from the victim showed that she heard a zipper, and then much pushing went on from behind, and that she felt something long, narrow and warm placed between her legs at that time.
Some five or ten minutes later the telephone rang, and the victim ran to get the phone. Testimony showed it was her mother on the phone. The victim testified as well that, just prior to hearing the phone ring, appellant had requested that she remove her underwear, to which she refused.
Finally, the victim's seven-year-old sister arrived home from school and saw appellant and the victim in the bathroom. She testified that she saw appellant pushing on the victim from behind as he leaned her sister over the bathroom counter. Her testimony collaborates that of the victim in that both girls allege that appellant's body was pressing against the victim's and was, in fact, pushing against her back.
Appellant left the home and the victim's mother arrived shortly thereafter. The victim's sister informed her mother of what had happened, and after some encouragement the mother managed to make the victim tell her the story of what had occurred.
Charges were filed the next day, on October 13, 1983, and appellant was arrested in his home.

I.
In his first assignment of error, appellant cites numerous instances of what he deems to be prosecutorial misconduct which took place during the course of the trial, and whose occurrence he claims greatly prejudiced his cause in his conviction under the statute addressing gratification of lust, which reads:
Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of fourteen (14) years, with or without the child's consent, shall be guilty of a high crime and, upon conviction thereof, shall be fined in a sum not less than One Hundred Dollars ($100.00) nor more than One Thousand Dollars ($1,000.00), or be imprisoned in the State Penitentiary not less than one (1) year nor more than ten (10) years, or be punished by both such fine and imprisonment, at the discretion of the court.
Miss. Code Ann. § 97-5-23 (Supp. 1986).
Upon our review of the record in the case at bar, we are not inclined to agree with appellant, and accordingly affirm the decision of the lower court.
Appellant alleges some ten (10) instances of prosecutorial misconduct by the district attorney and assistant district attorney, which he divides into three categories: (a) those comments dealing with appellant's failure to take the stand as a witness; (b) those comments amounting to vilification and abuse of appellant; and (c) comments on matters not of record in an attempt to inflame the jury.
Appellant's first category and part of this assignment of error rests on his constitutional right to remain silent and in what he alleges is improper comment made on his failure to testify during the closing argument by the assistant district attorney. Prior to his decision not to testify, appellant was told by the court that:
In addition to the right to testify, you have the right to remain silent. That is, not to take the stand and not to testify and, if you do that, then the District Attorney wouldn't be permitted to make any comment to the jury on the fact that you did not take the stand and testify. Now, the decision on whether to take the stand and testify or not is yours. You are entitled to have the legal advice of your lawyers but it's your case so you are the one that has to *976 make the final decision. Do you understand?
(Emphasis added). Appellant declined to take the witness stand.
Subsequently, the following statements were made by the assistant district attorney to the jury:
It's time for you to stand up for the system of your community  to take a listen to a child like [the victim]  and not to mention [the victim's sister]. Let them come up here and say [the victim's sister] was lying. All you are left with is what you heard from those two little girls, from their mother and from the police officer who arrested the defendant. And, in all their testimony 
At this point, counsel for the defendant objected and moved for a mistrial based on what he alleged was a "clear" comment on defendant's failure to testify.
Appellee's argument that such comment was not directed toward defendant's failure to testify is based on the premise that the particular statement at issue is instead directed to defense counsel's inability to counter the evidence offered by the state's witnesses, and further that the argument as presented by the prosecution must be approached in its entirety, and not by one statement which, appellee alleges, has been taken out of context by appellant.
Miss. Code Ann. § 13-1-9 (1972) states that the "accused shall be a competent witness for himself in any prosecution for crime against him." The failure of the accused, in any case, to testify shall not however operate to his prejudice or be commented upon by counsel. Comment by counsel, according to this Court, means that:
The word "comment", as employed in the statute, does not mean to criticize or condemn or anathematize the accused on his failure to testify. It forbids, in unmistakable language, any comment, friendly or unfriendly. It forbids any remark, of any character, in any words, upon the failure of the accused to testify. The attention of the jury is not to be called to the fact at all by counsel.
Yarbrough v. State, 70 Miss. 593, 12 So. 551 (1893).
We do not believe that comment by counsel in this instance is, as appellant contends, a veiled attempt to inform the jury that testimony by or on behalf of defendant is lacking. To stretch the definition of "comment" as applied to the case at bar to include a censure on mention of any party who has testified to an action would be misconstruing our intent as set forth in the rule against comment on a defendant's failure to take the stand.
Further, in support of the state's contention that the assistant district attorney's remark was not intended as a reference to the defendant's silence, we would point out an instruction offered by the defense and given by the trial court, urging the jury to closely examine the testimony of [the victim and her sister] while taking into consideration "the youthfulness of any witness, as well as their capacity and ability to observe events and to recollect and communicate them, and to understand questions and to frame and make intelligent answers, with a consciousness of the duty to speak the truth."
While not condemning this instruction as improper, we think it invited comment by the prosecution in its closing argument regarding the testimony of the two girls in reference to their young age as well as their capacity to testify to the truth. We do not believe the instruction was necessary and urge the trial judges to avoid instructions that invite argument.
In sum, this statement made by prosecution is insufficient so as to deny defendant of a fundamentally fair trial: We are of the opinion that no breach of his constitutional right not to testify has occurred, and cannot, therefore, find any reversible error. Too, while the defendant cites some ten other instances of prosecutorial misconduct, even taken collectively these are not enough to warrant reversible error of the trial court's judgment.
Furthermore, objection to many of these allegedly prejudicial statements is nowhere to be found in the record and has not, therefore, been properly preserved for consideration *977 on appeal. Finally, we would note that of the remaining instances of misconduct cited by the appellant in his brief, most were sustained by the trial judge who admonished the jury to disregard the challenged comment.

II.
At the close of the case against the appellant, defense counsel moved for a directed verdict based, in part, on the insufficiency of the state's proof to sustain a charge of gratification of lust. The motion was denied by the trial court. Subsequently, the motion was renewed following the decision to rest, and raised again during the jury's verdict.
Where defendant has moved for a judgment notwithstanding the verdict, the trial court must consider all of the evidence  not just the evidence which supports the state's case  in the light most favorable to the state. Burt v. State, 493 So.2d 1325 (Miss. 1986); Glass v. State, 278 So.2d 384 (Miss. 1973). The state must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Id. A greater quantum of evidence favoring the state is necessary for the state to withstand a motion for judgment notwithstanding the verdict. Under our established case law, the trial judge should set aside a jury's verdict only when, in the exercise of his sound discretion, he is convinced that the verdict is contrary to the substantial weight of the evidence. Pearson v. State, 428 So.2d 1361 (Miss. 1984). We will not order a new trial unless convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice. May v. State, 460 So.2d 778 (Miss. 1984). Temple v. State, 498 So.2d 379 (Miss. 1986).
We cannot say that the verdict of guilt was against the overwhelming weight of the evidence, and affirm this case in accordance with the trial court's opinion.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.