582 So.2d 423 (1991)
Willie ROBERTS
v.
STATE of Mississippi.
No. 89-KA-0556.
Supreme Court of Mississippi.
June 26, 1991.
B. Calvin Cosnahan, II, McComb, for appellant.
Mike C. Moore, Atty. Gen., Pat S. Flynn, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J. and PITTMAN and BANKS, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Willie Roberts, twenty-five (25) years old, was indicted, tried and convicted in the Circuit Court of Pike County, Mississippi, for the sexual battery of a thirteen (13) year old girl, T.L., and was sentenced to serve twelve (12) years in the custody of the Mississippi Department of Corrections. Roberts has appealed to this Court and presents the following issues for decision:
I. THE LOWER COURT ERRED IN NOT SUSTAINING DEFENDANT'S MOTION FOR A DIRECTED VERDICT. II. THE LOWER COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION FOR NEW TRIAL BASED UPON HIS ASSIGNMENT OF ERROR THAT THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

FACTS
T.L. is the younger sister of Roberts' girlfriend, C.L., by whom Roberts has fathered two children. T.L. and C.L. live in their family home along with several other siblings and C.L.'s children. It was not uncommon for Roberts to spend the night at the family home with C.L.
T.L. testified that on the evening of July 20, 1988, Roberts entered her room by breaking a window pane; that he removed his pants and got on top of her; that she asked Roberts to leave her alone, tried to push him off and, being unable to do so, held her legs tight together; that Roberts opened her legs and put his penis inside her vagina. According to T.L., when Roberts finished, he told her that he would kill her if she told anyone what had happened. Then he went into C.L.'s room where he spent the rest of the night. T.L. did not tell anyone what happened until late the following day.
T.L.'s seven year old sister testified that, on the night in question, she and T.L. were sharing the same bed; that T.L. jabbed her in the side and woke her up while Roberts was on top of her. T.L.'s sister stated that T.L. attempted to resist Roberts and, while *424 Roberts was on top of T.L., he was not wearing his pants.
C.L. testified that, on the morning following the incident, she awoke to find Roberts in her bed. She stated that Roberts had not been in the house, on the previous evening, at the time she went to sleep, and that she was unaware at what time during the evening Roberts got in her bed. C.L. further testified that the family home could only be locked from the inside; that it was locked on the night in question; that the only way one could enter the home, once it was locked, was by knocking and; that, on the night of the incident, she did not know how Roberts gained entry into the house, since she had not let him in.
Testimony was received from one of the arresting officers, James Thornhill, that, while transporting Roberts from the family home to the police station, Roberts, unsolicited, stated "I might have got some but I wasn't the only one" and "well I got it but two or three others have too".
Roberts took the stand in his defense and denied having sexually assaulted T.L. and denied making any statements to Officer Thornhill.

LAW

I. and II
At the conclusion of the state's case in chief, Roberts moved for a directed verdict, which was overruled by the lower court. Thereafter, he proceeded to offer evidence in his defense[1].
Roberts next contends the verdict of the jury was contrary to the overwhelming weight of the evidence. He raises the question in a motion for a new trial. Such a motion is addressed to the sound discretion of the trial judge, who may grant a new trial if he considers that such is required in the interest of justice or, if the verdict is contrary to law or the weight of the evidence. Jackson v. State, 551 So.2d 132, 148 (Miss. 1989); Wetz v. State, 503 So.2d 803, 812 (Miss. 1987); Van Buren v. State, 498 So.2d 1224, 1228-29 (Miss. 1986). A new trial should not be granted unless the lower court is convinced that the verdict is so contrary to the weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice. Jackson, 551 So.2d at 148; Temple v. State, 498 So.2d 379, 382 (Miss. 1986); Weeks v. State, 493 So.2d 1280, 1283 (Miss. 1986).
In McFee v. State, 511 So.2d 130 (Miss. 1987), this Court repeated the rule applicable here when a jury verdict is attacked as being contrary to the weight of the evidence with the following language:
When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury's verdict is quite limited. We proceed by considering all of the evidence  not just that supporting the case for the prosecution  in the light most consistent with the verdict. We give prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required. On the other hand, if there is in the record substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict of guilty is thus placed beyond our authority to disturb.

*425 Id. at 133-34. See also Gavin v. State, 473 So.2d 952, 956 (Miss. 1985); May v. State, 460 So.2d 778, 781 (Miss. 1984).
The evidence in the case at bar, presented a guilt question for the jury to decide and the jury resolved that question against the appellant, Roberts. There being no reversible error in the trial below, the judgment of the lower court is affirmed.
CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] At the conclusion of his defense and all the evidence, Roberts did not renew his motion for a directed verdict, nor did he request a peremptory instruction. Under elementary rules of procedure and principles of law, Roberts waived the issue of error in the trial court's denial of his motion for directed verdict made at the conclusion of the State's case. These elementary principles are continually ignored by defense attorneys. Attorneys show their ignorance by continually and flagrantly failing to recognize and abide by practice that even a beginner should know by heart.