THOMAS, J.,
for the Court:
¶ 1. Travis Dukes appeals his convictions for armed robbery and aggravated assault, raising the following issue as error:
I. THE TRIAL COURT ERRED IN OVERRULING DUKES’S MOTION FOR JUDGMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICT OR A NEW TRIAL FOR THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE VERDICT OF GUILT.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On September 21, 1997, Carol Simpson was working as a clerk at the McFarland’s One-Stop in Coahoma County, Mississippi. Sometime around 10:30 that morning two individuals walked into the store. At the time Simpson was alone in the store as Prentiss McFarland, owner of McFarland’s One-Stop, had left to take some garbage to the dump.
¶ 4. The first individual, who was never identified, asked Simpson some questions about the type of chips the store carried and then attempted to purchase a bag of chips. As Simpson was ringing up the sale, the first individual pulled a gun and motioned for her to step away from the cash register.. The second individual, later identified as Travis Dukes, went to the register and removed its contents. Dukes then attempted to pull the phone out of the wall. Simpson was questioned by the first individual whether anyone else was in the store or if there were any cameras. Simpson replied “no” to both questions. At that point the first individual fired three shots. Simpson was hit both in the side of the head and in her hand.
¶ 5. Billy Baker, an officer of the Coa-homa County Sheriffs Department, interviewed Simpson while she was in the hospital. Simpson identified the second individual as someone she had seen come into the store a week earlier with one of the Loftons. Using the description given by Simpson, Baker picked up Eugene Lofton for questioning. However, it was discovered that Eugene Lofton had not been in the store during the previous week. About two hours after the first interview, Baker again questioned Simpson, this time she positively identified Roy Lofton, someone that Simpson had known for six or seven years, as the person who had been in the store a week earlier. Roy Lofton identified Dukes as the person with him the week before. A photographic lineup was given to Simpson, and she positively identified Dukes as the second individual in the robbery.
¶ 6. Dukes was eventually indicted on one count of armed robbery and on one count of aggravated assault. Trial of this matter was commenced on August 10, 1998. After deliberations, the jury returned a verdict of guilty on both counts.
ANALYSIS
I.
THE TRIAL COURT ERRED IN OVERRULING DUKES’S MOTION FOR JUDGMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICT OR A NEW TRIAL FOR THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE VERDICT OF GUILT.
¶ 7. Dukes’s motion for a JNOV challenges the sufficiency of the evidence *1131 supporting a guilty verdict. Butler v. State, 544 So.2d 816, 819 (Miss.1989). Dukes argues that the evidence presented at trial was insufficient to support a guilty verdict and as such should be reversed. When the legal sufficiency of the evidence is challenged we will not retry the facts but must take the view of the evidence most favorable to the State and must assume that the fact-finder believed the State’s witnesses and disbelieved any contradictory evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993); Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). On review, we accept as true all evidence favorable to the State, and the State is given “the benefit of all favorable inferences that may reasonably be drawn from the evidence.” Griffin, 607 So.2d at 1201 (citations omitted). We will reverse such a ruling only where “reasonable and fair-minded jurors could only find the accused not guilty.” McClain, 625 So.2d at 778 (citing Wetz v. State, 503 So.2d 803, 808 (Miss.1987); Harveston v. State, 493 So.2d 365, 370 (Miss.1986); Fisher v. State, 481 So.2d 203, 212 (Miss.1985)).
¶ 8. Dukes bases his insufficiency of the evidence argument on the fact that Simpson could not at first positively identify Roy Lofton. Given the fact that Simpson failed to identify a man she had known for several years and had spoken to for several minutes a week prior to the robbery, Dukes argues that fair minded jurors could only find him not guilty since Simpson identified him only after witnessing the second individual to this crime for less than fifteen minutes. The fact of the matter is Simpson testified at trial that it was Roy Lofton who was in the store the week prior. Roy Lofton also testified at trial that he was at the store the week before with Dukes. Furthermore, Simpson positively identified Dukes from a photographic lineup and at trial as the second individual who committed these crimes. There was more than sufficient evidence supporting the verdict.
¶ 9. The trial court also denied Dukes’s motion for a new trial. A motion for a new trial tests the weight of the evidence rather than its sufficiency. Butler v. State, 544 So.2d 816, 819 (Miss.1989). The Mississippi Supreme Court has stated:
As to a motion for a new trial, the trial judge should set aside the jury’s verdict only when, in the exercise of his sound discretion, he is convinced that the verdict is contrary to the substantial weight of the evidence; this Court will not reverse unless convinced the verdict is against the substantial weight of the evidence.
Id. (quoting Russell v. State, 506 So.2d 974, 977 (Miss.1987)).
¶ 10. The lower court has the discretionary authority to set aside the jury’s verdict and order a new trial only where the court is “convinced that the verdict is so contrary to the weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice.” Roberts v. State, 582 So.2d 423, 424 (Miss.1991) (citations omitted). Based on the record before us, suffice it to say that the evidence was sufficient to-allow the case to go to the jury, and the jury’s verdict was not against the- overwhelming weight of the evidence. These assignments of error are without merit.
¶ 11. THE JUDGMENT OF THE COA-HOMA COUNTY CIRCUIT COURT OF THE CONVICTION OF TRAVIS DUKES ON COUNT I ARMED ROBBERY AND SENTENCE OF EIGHT YEARS TO RUN CONSECUTIVE TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED; COUNT II AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN YEARS TO RUN CONCURRENT WITH SENTENCE IMPOSED IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHO-MA COUNTY.
*1132 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, AND PAYNE, JJ., CONCUR.
MOORE, J., NOT PARTICIPATING.