THOMAS, J.,
for the Court:
¶ 1. Ray McAnally appeals to this Court his conviction of aggravated assault in the DeSoto County Circuit Court. From that conviction, McAnally was sentenced to serve a term of ten years with the Mississippi Department of Corrections. Feeling aggrieved, McAnally appeals on the following assignment of error
I. WHETHER THERE WAS SUFFICIENT EVIDENCE FOR THE JURY TO FIND THE APPELLANT GUILTY OF AGGRAVATED ASSAULT.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. During the early evening hours of November 3, 1997, John McCollough returned to his home in .DeSoto County, Mississippi. After McCollough pulled into his driveway and- proceeded to pull up to his home, he noticed the front of a pick-up truck protruding from behind his mobile home. McCollough backed his vehicle up into his driveway and drove his truck at an angle towards the unknown truck to-get a better view of who was behind his home. At the time a man jumped into the1 passenger side door of the truck as the driver of the truck began driving towards him. McCollough testified that he could see a four-wheeler in the back of the truck that appeared to be his. Realizing something was afoul, McCollough quickly reacted and maneuvered his vehicle in an attempt to block the fleeing truck. McCollough testified that having blocked their escape route, at which point they were approximately fifteen to twenty feet away, they “rammed my truck trying to get out from around me because I had it more or less angle blocked.” The first impact resulted in damage to the left front side of McCol-lough’s vehicle as the two men in the truck attempted to flee.
¶ 4. The driver of the fleeing truck then backed up as far as he could before hitting McCollough’s utility shed. McCollough followed to prevent the truck from gaining an advantage in angling out of the back yard, at which time, McCollough testified that the driver of the truck, “rammed forward and hit me a second time.” The second impact was of such greater force, as testified to by McCollough, that the radiator burst in McCollough’s vehicle. At that point, McCollough, fearing the worst, stated that he “just floored [his] truck ... [and] rammed them.” McCollough’s efforts resulted in pushing the fleeing truck backwards into a portion of his utility shed. Once the fleeing truck struck the utility shed, the four-wheeler flipped out of the truck’s bed and became entangled underneath the rear axle of the truck. This entanglement resulted in jacking the truck up and preventing any further traction. McCollough exited his vehicle and jumped *354 over the hood of his vehicle and the passenger fled into the woods while the driver appeared to be reaching for something behind his seat. McCollough and the driver began to wrestle and scuffle while the man continued to reach behind the seat. After around ten minutes of scuffling, MeCollough’s neighbor and cousin pulled up, assisted in detaining the man, and yelled to his wife to call the police. The police soon arrived and arrested the driver. The passenger, later identified as Bobby Tallant, who had fled into the woods, was later located a short distance away hiding. At trial, McCollough identified Ray McAnally as the driver of the fleeing truck and the man with whom he fought and detained until the police arrived.
¶ 5. McAnally was convicted of both grand larceny and aggravated assault. However, we note that McAnally only raises error with regard to the conviction of aggravated assault in his appeal. Accordingly, our review will be limited only to that specific conviction and its accompanying issue of whether the evidence presented was sufficient to support the same.
ANALYSIS
I.
WHETHER THERE WAS SUFFICIENT EVIDENCE FOR THE JURY TO FIND THE APPELLANT GUILTY OF AGGRAVATED ASSAULT.
¶ 6. McAnally argues that the evidence presented was insufficient to support a finding of guilty on the aggravated assault count. Specifically, McAnally argues that the testimony of McCollough clearly establishes that it was McCollough that initiated the contact between the two trucks and that but for the attempts of McCollough to block him no contact would have been made between the two trucks. Therefore, McAnally argues that he never intended to ram McCollough and that he was at all times attempting to avoid McCollough in his flight. Without the requisite purposefully, knowingly or recklessly attempt to cause serious bodily injury to McCollough, McAnally submits that no reasonable juror could have found him guilty.
¶ 7. In a motion for a judgment notwithstanding the verdict the correct challenge pertains to the sufficiency of the evidence supporting the jury’s verdict of guilty. McClain v. State, 625 So.2d 774, 778 (Miss.1993). Our standard of review in issues of the sufficiency of evidence is clear:
[T]he evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [McAnally’s] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of' the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Jones v. State, 669 So.2d 1383, 1388 (Miss.1995) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)) (citations omitted).
¶ 8. McAnally’s alternative motion for a new trial was also denied by the trial court. A motion for a new trial challenges the weight of the evidence. Butler v. State, 544 So.2d 816, 819 (Miss.1989). Our supreme court has stated:
As to motion for a new trial, the trial judge should set aside the jury’s verdict only when, in the exercise of his sound judgment he is convinced that the verdict is contrary to the substantial weight of the evidence; this Court will not reverse unless convinced the verdict is against the substantial weight of the evidence.
Id. (quoting Russell v. State, 506 So.2d 974, 977 (Miss.1987)).
*355 ¶ 9. It is readily apparent from the record before us that the jury was presented with conflicting evidence and as such “is the judge of the weight and credibility of the testimony and is free to accept or reject all or some of the testimony given by each witness.” Meshell v. State, 506 So.2d 989, 992 (Miss.1987). The following testimony was given by McCollough in regard to the incident involving the two pickups. When describing the second collision, McCollough stated that after he proceeded forward in an attempt to “pin” or block them, “Well, when they backed up, they backed up to the right front of my shed, that front pole. They couldn’t go back any further. So he rammed forward and hit me a second time.” McAnally argues that on all occasions it was McCollough who initiated contact by placing his vehicle in front of the fleeing vehicle. The jury is free to judge the evidence, and we are not persuaded that the evidence presented was such that reasonable and fair-minded jurors could only find McAnally not guilty, nor is it evident that the evidence was so insufficiently weighted as to require a new trial. This assignment is without merit.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION ON COUNT II OF ATTEMPTED GRAND LARCENY AND SENTENCE OF FIVE (5) YEARS; COUNT III OF AGGRAVATED ASSAULT AND SENTENCE OF TEN (10) YEARS WITH SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.