THOMAS, J.,
for the Court:
¶ 1. Sandra Spears was convicted in the Circuit Court of Quitman County on a charge of aggravated assault and was sentenced to a term of six years in the custody of the Mississippi Department of Corrections with four years suspended. On appeal, Spears assigns the following issues as error:
I. WHETHER THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
II. WHETHER THE TRIAL COURT ERRED IN REFUSING AN ACCI *228 DENTAL INJURY INSTRUCTION.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On August 4,1997, Martha Lockhart and Sandra Spears became involved in a physical fight with each other. Martha Lockhart, Sandra Spears, Renee Buckley, Grady Jones and Carolyn spent the day driving from Lambert to Charleston and back in Grady’s car. They rode around and drank some beer, but according to Lockhart, no one was intoxicated. On the return trip Spears began complaining that Lockhart was driving too fast and recklessly. Lockhart eventually allowed Spears to drive. When they returned to Spears’s home, Spears blew the horn and someone came out to get her baby.
¶ 4. Lockhart then testified that Spears ran into the house and returned with a butcher knife and stated, “What’s up now ...'?” The two began to fight. Lockhart testified that Spears pushed her into the car door causing the door to shut and when she moved toward Spears, Spears cut her on the right arm with the knife. Buckley and Spears’s sister, Ruthie Spears, attempted to break up the fight but the fight did not stop until Spears’s nephew punched Lockhart in the nose. Lockhart also testified that she did not fall to the ground at any point during the fight.
¶ 5. Spears testified that they did fight but that at no point did she get a knife or cut Lockhart. Spears claims that she was unaware that Lockhart had been injured until the fight was over and Lockhart was leaving the yard. She testified that the cut must have been caused from falling over the bushes in the scuffle or from something in the yard.
¶ 6. Dr. Richard Waller is a physician licensed to practice medicine in the State of Mississippi. He graduated from the University of Mississippi School of Medicine in 1974 and has worked in the emergency room for the last 18 years. He testified that in his career he has seen thousands of knife wounds. He further testified that Lockhart had sustained a severe, deep, five-inch laceration which in his experience as an emergency physician appeared to be a knife wound. The cut had penetrated through the skin, fatty tissue and muscle, and required a three-layer suture and a drain. He further testified that Lockhart had told him that she had been cut with a knife by a girl.
¶ 7. Officer Johnny Nabors of the Lambert Police Department took Lockhart’s statement in the emergency room on the evening in question. He wrote in his report, in his own words what Lockhart had told him, “[Wjhen they arrived at Sandra Spears’ residence, Sandra ran into her residence and came out with a knife, and the driver door was left open. She stabbed Martha Lockhart in the upper right arm.”
¶ 8. The defense called Ruthie Spears, the defendant’s sister, and Kimeshia Spears, the defendant’s niece. Both witnessed parts of the fight and testified that they did not see Spears with a knife. However, they also admitted that they did not witness the fight in its entirety. Ruthie also testified that Sandra did not come into the residence to get a knife because she would have let Ruthie know that she was in the house. However, Ruthie testified that she was in the back of the house until she found out that Spears and Lock-hart were fighting.
¶ 9. Spears attempted to tender jury instruction D-2, which would have advised the jurors to find Spears not guilty if they found that she had “accidentally caused serious bodily injury to Martha Lockhart.” The court refused the instruction maintaining that here was no evidence to support the theory that it was an accident. Spears was convicted of aggravated assault and sentenced to six years in the MDOC with four years suspended. Spears now appeals this decision to this court.
*229 ANALYSIS
I. WHETHER THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 10. Spears’s motion for a new trial challenges the weight of the evidence. The Supreme Court has held that a new trial may be granted only when “the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice.” Roberts v. State, 582 So.2d 423, 424 (Miss.1991). The standard in determining whether a verdict is against the overwhelming weight of the evidence requires this Court to view all evidence in the light most consistent with the jury verdict. McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 11. The record reflects that several witnesses testified that Spears had a knife, and several witnesses stated that they did not see a knife. Furthermore, Doctor Waller testified that the cut was more than likely a knife cut. The verdict is not against the overwhelming weight of the evidence; furthermore, it supports the verdict and we decline to disturb the trial court’s decision. There is no error.
II. WHETHER THE TRIAL COURT ERRED IN REFUSING AN ACCIDENTAL INJURY INSTRUCTION.
¶ 12. Spears next argues that the trial court erred in refusing to give her jury instruction D-2, which was an accident instruction. Spears argues that there was an evidentiary basis for such an instruction to be given, and therefore, the trial court erred in refusing to give it. However, Spears fails to point out where such evidence is contained in the record, nor does she cite any authority in support of her position. The State contends that there was no evidentiary basis for an accident instruction. Where an instruction is not supported by evidence then it should not be given. Dennis v. State, 555 So.2d 679, 683 (Miss.1989); Moffett v. State, 540 So.2d 1313, 1318 (Miss.1989); Nicolaou v. State, 534 So.2d 168, 173 (Miss.1988). Instruction D-2 reads as follows:
Sandra Spears has been charged in this case with the offense of aggravated assault.
If you find from the evidence in this case beyond a reasonable doubt that:
1. Sandra Spears, on or about August 4,1997 in Quitman County;
2. accidentally caused serious bodily injury to Martha Lockhart;
then you shall find the Defendant not guilty.
¶ 13. All of the testimony states that Spears and Lockhart were fighting; Spears admitted the same and admitted that she started the fight. An injury that occurs due to an intentional fight is not accidental, whether with or without a knife. The trial court’s finding that there was no evidentiary basis capable of supporting a factual finding that Spears had accidentally cut Lockhart, and its denial of the requested jury instruction was proper. We affirm on this issue.
¶ 14. THE JUDGMENT OF THE QUITMAN COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FOUR YEARS SUSPENDED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.