THOMAS, J.,
for the Court:
¶ 1. Jerry Alton Walters appeals his conviction for murder, raising the following issues as error
I. WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT A VERDICT OF MURDER? WAS DEFENDANT IN A LOCALE WHERE HE HAD A LAWFUL RIGHT TO BE AND HAD REASON TO BELIEVE IT WAS NECESSARY TO ACT IN SELF-DEFENSE?
II. WHETHER IT WAS ERROR FOR THE TRIAL COURT TO DELETE THE LATTER PORTION OF THE DEFENDANT’S PROPOSED JURY INSTRUCTIONS?
Finding no error, we affirm.
FACTS
¶ 2. On the evening of August 15, 1997, a group of people had congregated at the mobile home of Mr. and Mrs. Charles Bonner located at 27 Village Loop in Forrest County, Mississippi. The victim, Phillip Dewayne Rollin, who lived at this residence, was present. Mike Bonner, the Bonners’ son, was there as well as Thomas Mills, Raymond and Ted Lowery, Greg Lester, Angela Yancey, and the defendant, Jerry Walters. The group was visiting and drinking beer on the Bonners’ front porch.
¶ 3. At some point in the evening, Jerry Walters expressed his intent to collect money owed to him by Rollin and Mike Bonner. Mike Bonner paid Walters the twenty dollars that he owed him, but Rol-lin failed to pay, claiming that he had no change for a one hundred dollar bill. An argument arose between Walters and Rol-lin in regards to the twenty dollars. Rollin then moved to the yard and pulled his pocketknife and challenged Walters to get a knife and fight him. Walters went into the house to find a knife, but being unsuccessful, he then returned to the front porch. After a short time passed, Walters left the Bonners’ -residence and proceeded to his cousin’s house where he obtained a .22 caliber pistol. Walters then returned to the aforementioned residence, riding as a passenger in the truck of Greg Lester, along with Brian Juergensen, Greg'Lester’s stepson. Once Walters arrived back at the Bonners’ residence, Lester and Juergensen got out of the truck and proceeded inside the mobile home. Both Mills and Mike Bonner testified that they approached the truck and saw a gun sitting on Walter’s lap. Angela and Greg attempted to warn Rollin, but at that point Rollin left the mobile home through the back sliding door in the direction of the front of the house. According to Brian Juergensen’s testimony, Juergensen was on the front porch and heard Walters demand his money and an apology from Rol-lin before the shooting. Walters, seeing *1074 Rollin approaching, stepped from the truck and fired. No one saw Rollin approach or threaten Walters with a knife at the time Rollin was shot.
¶ 4. After being shot Rollin turned and ran back behind the mobile home where he collapsed. It was later determined that Rollin died from internal bleeding caused by a gun shot wound to the chest. A closed pocketknife that belonged to Rollin was found on the ground near his body.
ANALYSIS
I. WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT A VERDICT OF MURDER? WAS DEFENDANT IN A LOCALE WHERE HE HAD A LAWFUL RIGHT TO BE AND HAD REASON TO BELIEVE IT WAS NECESSARY TO ACT IN SELFDEFENSE?
¶ 5. Walters contends that the evidence in this case is insufficient to support the jury’s murder conviction. However, in so contending, Walters fails to argue any error committed in the trial court. Walters’s motions for a directed verdict and for a judgment notwithstanding the verdict both test the legal sufficiency of the evidence. Johnson v. State, 642 So.2d 924, 927 (Miss.1994) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)). Walters argues that the evidence presented ai trial was insufficient to support a guilty verdict by the jury for the crime of murder.
¶ 6. When the legal sufficiency of the evidence is challenged, we will not retry the facts but must take the view of the evidence most favorable to the State and must assume that the fact-finder believed the State’s witnesses and disbelieved any contradictory evidence. McClain, 625 So.2d at 778; Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). On review, we accept as true all evidence favorable to the State, and the State is given “the benefit of all favorable inferences that may reasonably be drawn from the evidence.” Griffin, 607 So.2d at 1201 (citations omitted). We will reverse such a ruling only where “reasonable and fair-minded jurors could only find the accused not guilty.” McClain, 625 So.2d at 778 (citing Wetz v. State, 503 So.2d 803, 808 (Miss.1987); Harveston v. State, 493 So.2d 365, 370 (Miss.1986); Fisher v. State, 481 So.2d 203, 212 (Miss.1985)).
¶ 7. Walters was convicted of murder pursuant to Miss.Code Ann. § 97-3-19(l)(a) (Supp.1998), which reads as follows:
(1) The killing of a human being without the authority of law by any means or in any manner shall be murder in the following cases:
(a) When done with deliberate design to effect the death of the person killed, or of any human being;
¶ 8. Our supreme court has held that murder can be inferred from use of a deadly weapon. Carter v. State, 722 So.2d 1258(¶ 21) (Miss.1998). Our supreme court has also held that although “deliberate design” may not be formed at the instant of the murder, it may be formed “very quickly.” Id. at (¶ 18). In the instant case, there was more than sufficient evidence to find Walters guilty beyond a reasonable doubt of murder. The defense in their argument claimed the shooting was accidental and in self-defense. However, Walters did not testify in the case at bar, and there is no direct evidence in the record to support the theory that Walters subjectively believed or apprehended the necessity, if any, of the use of deadly force to defend against the alleged aggression of Rollin. Furthermore, the case put forth by Walters fails to provide sufficient evidence to support his claim. Walters left the home of the victim in order to obtain a .22 caliber pistol and returned to this site with the intention of shooting Rollin. Witnesses at the scene of the incident testified that Walters returned with his weapon in order to confront Rollin and force him to repay the twenty dollars and apologize. The evidence produced by the State shows *1075 that Walters remained in the front seat of a truck with the pistol in his lap, and when Rollin approached the truck, Walters stepped from the truck and shot the victim in the chest. There was ample and sufficient evidence to support a guilty verdict.
¶ 9. The trial court also denied Walters’s motion for a new trial. A motion for a new trial tests the weight of the evidence rather than its sufficiency. Butler v. State, 544 So.2d 816, 819 (Miss.1989). The Mississippi Supreme Court has stated:
As to a motion for a new trial, the trial judge should set aside the jury’s verdict only when, in the exercise of his sound discretion, he is convinced that the verdict is contrary to the substantial weight of the evidence; this Court will not reverse unless convinced the verdict is against the substantial weight of the evidence.
Id. (quoting Russell v. State, 506 So.2d 974, 977 (Miss.1987)).
¶ 10. The lower court has the discretionary authority to set aside the jury’s verdict and order a new trial only where the court is “convinced that the verdict is so contrary to the weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice.” Roberts v. State, 582 So.2d 423, 424 (Miss.1991) (citations omitted). Based on the record before us, the evidence was more than sufficient to allow the case to go to the jury, and the jury’s verdict was not against the overwhelming weight of the evidence. These assignments of error are without merit.
II. WHETHER IT WAS ERROR FOR THE TRIAL COURT TO DELETE THE LATTER PORTION OF THE DEFENDANT’S PROPOSED JURY INSTRUCTIONS?
¶ 11. At the close of trial, Walters requested that the following instruction, D-l, be given as follows:
You are instructed that while the danger which will justify the taking of another’s life must be imminent, impending and present, such danger need not be unavoidable except by killing in self-defense. The defendant, Jerry Walters, need not have avoided the danger to his person presented by the deceased Philip Dewayne Rollin by flight so long as the defendant was in a place where he had the right to be and was neither the provoker or aggressor. He may stand his ground and still have the right to self-defense.
Walters argues that the trial court committed error by deleting the last line of his jury instruction which stated, “He may stand his ground and still have the right of self-defense”.
¶ 12. Walters contends, based on Wade v. State, that the law in Mississippi follows the “stand his ground” principle which holds that a defendant is not deprived the right to claim self-defense in a slaying even if he could have avoided the threat to his safety by fleeing. Wade v. State, 724 So.2d 1007 (Miss.Ct.App.1998). However, we find that the trial court’s instructions did adequately present to the jury the “stand your ground” principle and made clear to the effect that Walters need not have avoided flight. In the instant case, Walters’s right to “stand his ground” was in fact lost based on the fact that he left the scene, secured a weapon, and returned to confront Rollin. Our supreme court has stated that where a defendant is not in any danger when he leaves the scene and arms himself for the purpose of shooting the victim, as was the case here, that defendant may not claim self-defense. Hart v. State, 637 So.2d 1329, 1337-38 (Miss.1994). Based on the evidence in the case sub judice, it is highly questionable whether Walters even deserved any self-defense instructions. However, Walters, did in fact receive five different self-defense instructions, including D-l as modified, and two accident/misfortune instructions. In light of the evidence presented, we hold that Walters received more than that to which he was entitled. We find no error in the *1076 trial court’s decision to delete the last sentence of the proposed instruction.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, MYERS, AND PAYNE, JJ., CONCUR.
McMILLIN, C.J., NOT PARTICIPATING.