734 So.2d 252 (1999)
Maurice DAVIDSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01366-COA.
Court of Appeals of Mississippi.
February 9, 1999.
*253 Raymond M. Baum, Winona, Attorney for Appellant.
Office of the Attorney General by W. Glenn Watts, Attorneys for Appellee.
BEFORE McMILLIN, P.J., DIAZ, and KING, JJ.
DIAZ, J., for the Court:
¶ 1. Maurice Davidson was tried and convicted of burglary of a building. From this conviction, he perfects his appeal to this Court and argues (1) that the evidence was insufficient to support a guilty verdict and that the jury's verdict was against the overwhelming weight of the evidence, (2) that the trial court erred in allowing the State's use of improper rebuttal testimony, and (3) that the trial court erred in granting the State's aiding and abetting jury instruction. Finding his arguments without merit, we affirm.

FACTS
¶ 2. On the night of September 24, 1996, Terry Ellis left the motel and restaurant that she owned with her husband in order to take an employee home. According to Ellis, four boys were playing pool in the game room that night-one of whom she recognized as Maurice Davidson, the appellant. Ellis asked the boys to wait outside the restaurant until she could return and reopen the premises. When Ellis left, she locked the door. Ellis returned a few minutes later and discovered approximately $550 in cash missing from the store. She then telephoned Police Officer Calvin Young and reported the burglary. Maurice Davidson was thereafter arrested and charged with burglarizing the Pine Cabin Restaurant. Following a jury trial wherein his co-defendants testified that Davidson had removed the money from the safe, Davidson was found guilty as charged. It is from this conviction that Davidson now brings forth his appeal.

*254 DISCUSSION

I. WAS THE EVIDENCE SUFFICIENT TO SUPPORT A GUILTY VERDICT AND WAS THE JURY'S VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 3. After the State rested its case-in-chief, Davidson moved the court for a directed verdict on the grounds that the State had failed to prove him guilty of business burglary beyond a reasonable doubt. The trial judge overruled Davidson's motion. Davidson thereafter requested a peremptory instruction of not guilty, which was also denied. Finally, Davidson moved the court for a judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial. These too were denied. On appeal, Davidson argues that the evidence presented at trial was insufficient to establish his guilt and that the jury's verdict was against the overwhelming weight of the evidence.

A. Sufficiency of the Evidence.
¶ 4. A challenge to the sufficiency of the evidence requires an analysis of the evidence by the trial judge to determine whether a hypothetical juror could find, beyond a reasonable doubt, that the defendant is guilty. May v. State, 460 So.2d 778, 781 (Miss.1984). If the judge determines that no reasonable juror could find the defendant guilty, then he must grant the motion for a directed verdict or JNOV. Id. If he concludes that a reasonable juror could find the defendant guilty beyond a reasonable doubt, then he must deny the motion. Id. Here Davidson made a motion for a directed verdict at the end of the State's case and a motion for a JNOV after the jury returned its verdict. This Court's scope is limited to the same examination as that of the trial court in reviewing the motions for directed verdict and JNOV; that is, if the facts point in favor of the defendant to the extent that reasonable jurors could not have found the defendant guilty beyond a reasonable doubt, viewing all facts in the light most favorable to the State, then it must sustain the assignment of error. Blanks v. State, 542 So.2d 222, 225-26 (Miss.1989). Of course, the opposite is also true. We may reverse the trial court's ruling only where one or more of the elements of the offense charged is lacking to such a degree that reasonable jurors could only have found the defendant not guilty. McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 5. In the case sub judice, there was legally sufficient evidence to find Davidson guilty beyond a reasonable doubt. The State made out its prima facie case by calling Terry Ellis to testify that Davidson was present in her restaurant only minutes prior to the burglary and then having three of Davidson's accomplices testify that Davidson actively participated in breaking into the restaurant after Ellis left and in retrieving money from a safe on the premises. Because the State put forth sufficient, credible evidence, the trial judge was required to leave the final decision of guilt or innocence to the jury. We affirm the judge's ruling as to the motions for directed verdict and JNOV.

B. Weight of the Evidence.
¶ 6. The next motion we will review is that for a new trial. This goes to the weight of the evidence and not its sufficiency. In reviewing this claim, this Court must examine the trial judge's denial of Davidson's motion for a new trial. Jones v. State, 635 So.2d 884, 887 (Miss. 1994). The decision of whether or not to grant a motion for a new trial rests in the sound discretion of the trial judge and should only be granted when the judge is certain that the verdict is so contrary to the overwhelming weight of the evidence that failure to grant the motion would result in an unconscionable injustice. May, 460 So.2d at 781. In making the determination of whether a verdict is against the overwhelming weight of the evidence, this Court must view all evidence in the light most consistent with the jury verdict, and we should not overturn the *255 verdict unless we find that the lower court abused its discretion when it denied the motion. Veal v. State, 585 So.2d 693, 695 (Miss.1991). The proper function of the jury is to decide the outcome in this type of case, and the court should not substitute its own view of the evidence for that of the jury's. Id. Likewise, the reviewing court may not reverse unless it finds there was an abuse of discretion by the lower court in denying the defendant's motion for a new trial. Id. Upon reviewing all of the evidence presented in the light most consistent with the verdict, we find that the trial judge did not abuse his discretion in denying Davidson's motion for a new trial. Accordingly, we dismiss this assignment of error as lacking in merit.

II. DID THE TRIAL COURT ERR IN ALLOWING THE STATE'S USE OF IMPROPER REBUTTAL TESTIMONY?
¶ 7. Davidson next argues that the trial court erred in allowing the State to use improper rebuttal testimony from Officer Calvin Young. Officer Young testified on direct examination that he recovered $220 from the furnace in Davidson's motel room. Davidson then took the stand in his own defense and testified on cross-examination that Young had taken the money from Davidson's pants which had been hanging on the door near the furnace. Davidson denied that he had placed the money in the furnace in an attempt to hide it. The State then called Officer Young back to the stand on rebuttal, at which time Young reiterated that he had retrieved the money from the furnace and not from Davidson's pants pocket. The defense voiced an objection to the rebuttal testimony, which was immediately overruled by the trial judge.
¶ 8. "The purpose of rebuttal testimony is to explain, repel, counteract or disprove evidence by the adverse party." Williams v. State, 539 So.2d 1049, 1051 (Miss.1989). When Davidson took the stand and contradicted Officer Young's testimony, Davidson opened the door to these matters and has no grounds on appeal to complain of the State's attempt to discredit him on rebuttal. See Smith v. State, 530 So.2d 155, 162 (Miss.1988). Having voluntarily taken the stand, Davidson was under an obligation to speak truthfully, and the State here did no more than employ the traditional truth-testing mechanisms of the adversary process by recalling Young to testify during rebuttal. See Day v. State, 382 So.2d 1071, 1073 (Miss.1980). Thus, it was not error for Officer Young to testify as a rebuttal witness.

III. DID THE TRIAL COURT ERR IN GRANTING THE STATE'S AIDING AND ABETTING JURY INSTRUCTION?
¶ 9. Finally, Davidson argues that Jury Instruction 6, the State's aiding and abetting instruction, was improper in that the evidence did not support a theory that Davidson was an accessory to the crime. Rather, the evidence adduced at trial was that Davidson was a principal who was an active and willing participant in the criminal endeavor. The instruction at issue in this assignment of error provides as follows: "If two or more persons are engaged in the commission of a felony, then the acts of each in the commission of such felony are binding upon all and all are equally guilty for the acts of each in the commission of such felony."
¶ 10. This Court does not examine jury instructions in isolation. Instead, "we read all instructions as a whole to determine whether the jury has been correctly instructed." Malone v. State, 486 So.2d 360, 365 (Miss.1986). The jury instruction of which Davidson complains contains language similar to that which was approved by our supreme court in Hoops v. State, 681 So.2d 521, 533 (Miss.1996). In Hoops, the court stated that "[a]ny person who is present at the commission of a criminal offense and aids, counsels, or encourages another in the commission of that offense is an `aider and abettor' and is equally *256 guilty with the principal offender." Id. (citations omitted). A combined reading of the jury instructions presented at the trial in this case shows that the jurors were appropriately provided with the direction they needed in order to render a fair and just verdict. Accordingly, the trial judge committed no error in granting Jury Instruction 6.
¶ 11. THE JUDGMENT OF THE MONTGOMERY COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A BUILDING AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FOUR YEARS SUSPENDED FOR FIVE YEARS BEGINNING UPON RELEASE FROM INCARCERATION WITH THREE YEARS TO SERVE AND FINE OF $1,500 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, IRVING, KING, LEE, PAYNE, and SOUTHWICK, JJ., CONCUR.