772 So.2d 1107 (2000)
Patrick McADORY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00672-COA.
Court of Appeals of Mississippi.
December 12, 2000.
*1108 Azki Shah, Darnell Felton, Clarksdale, Attorneys for Appellant.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
Before SOUTHWICK, P.J., BRIDGES, IRVING, and MYERS, JJ.
BRIDGES, J., for the Court:
¶ 1. This case is an appeal from the Circuit Court of Coahoma County, Honorable Kenneth L. Thomas presiding. Patrick McAdory was convicted of three counts of aggravated assault, sentences in counts 2 and 3 to run concurrently to the sentence in count 1, and count 1 to run consecutively to any and all previous sentences. McAdory moved for a judgment notwithstanding the verdict, and this motion was denied. McAdory now comes with two issues:
1. WHETHER THE GUILTY VERDICTS ON EACH OF THE COUNTS LACKED SUFFICIENT EVIDENCE *1109 TO SUPPORT THEM OR TO WITHSTAND MCADORY'S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT?
2. WHETHER THE GUILTY VERDICTS ON EACH OF THE COUNTS WENT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, SUCH THAT MCADORY'S MOTION FOR A NEW TRIAL SHOULD HAVE BEEN GRANTED?
Finding no error, we affirm.

FACTS OF THE CASE
¶ 2. On June 7, 1995, Ms. Patricia Brown was having a party at her home in Jonestown, Mississippi. Several people were there including the three victims Patricia Williams, Joseph Ewing, and Leonard Jewel. Joseph Ewing was sitting on the back of a station wagon in front of Ms. Brown's house with his back to the street. A church was on the other side of the street. Ewing testified he was talking to Ms. Williams and saw a grey car driven by McAdory go by with Fred Stevenson in it. Stevenson was McAdory's co-defendant and was previously convicted for his role in the events of that night. In addition, Corrithia Lewis, another person at the party, testified he saw the grey car drive by with McAdory driving. Kashius Lewis testified he saw the same car go by, with McAdory driving and several other people in the car. Kashius Lewis also testified that he saw the car go through the alley between McAdory's wife's house and the church across the street from the party.
¶ 3. About five minutes after the car drove by someone, or some people, came around the corner of the church, across the street from the party, and fired two shots from a twenty gauge shotgun in rapid succession. Mr. Ewing and Ms. Williams were hit by one shot, and Mr. Jewel was hit by the next shot. At this point the testimonies differ a little. Mr. Ewing testified that he and Ms. Williams were shot, and he saw McAdory and Stevenson both at the corner of the church shooting at the party. He also testified that he heard three shots, and after being shot he ran for the trailer. Kashius Lewis testified he saw Stevenson shoot twice, but he did not see McAdory with a gun. Ewing was the only witness to see McAdory shooting at the party.
¶ 4. The defense put on three alibi witnesses. The first was McAdory's wife, Martha Ann McAdory. She claimed at the time of the shooting she had McAdory's car, and she later picked him up from a party and then went to Clarksdale. The second was Ms. Pearlie Haynes, who is related to Stevenson. She testified she was having a party at her house when someone shot at them, and she made everyone come inside her house and forbid anyone to leave. She claims McAdory was one of the people at the party who she made stay there. Also testifying was Ms. Annette Stevenson, who is Stevenson's cousin. She also claims McAdory, along with Stevenson, was at her mother's, Pearlie Haynes's, house, and that he did not leave. These witnesses were all impeached on cross-examination because none of them came forward to tell their stories to the police. In addition, the second two were impeached with their testimony from the trial of Fred Stevenson because they never mentioned McAdory's presence at the party in that testimony.

ANALYSIS OF THE LAW

STANDARD OF PROOF
¶ 5. McAdory states he is appealing from the denial of his motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. His motions challenge both the sufficiency and weight of the evidence.
¶ 6. The standard of review for a challenge to the sufficiency of the evidence is stated in McClain v. State, 625 So.2d 774, 778 (Miss.1993):
In appeals from an overruled motion for JNOV, the sufficiency of the evidence as a matter of law is viewed and tested in a *1110 light most favorable to the State. The credible evidence ... consistent with guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
(citations omitted); see also Williams v. State, 595 So.2d 1299, 1302 (Miss.1992); Heidel v. State, 587 So.2d 835, 838 (Miss. 1991); Roberts v. State, 582 So.2d 423, 424 (Miss.1991).
¶ 7. The standard of review for a challenge to the weight of the evidence is found in Thornhill v. State, 561 So.2d 1025, 1030 (Miss.1989):
In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to grant a new trial.
See also Isaac v. State, 645 So.2d 903, 907 (Miss.1994); Newsom v. State, 629 So.2d 611, 615 (Miss.1993); Burrell v. State, 613 So.2d 1186, 1190-91 (Miss.1993); Nicolaou v. State, 612 So.2d 1080, 1083 (Miss.1992); Parker v. State, 606 So.2d 1132, 1139-40 (Miss.1992).

DISCUSSION

1. WHETHER THE GUILTY VERDICTS ON EACH OF THE COUNTS LACKED SUFFICIENT EVIDENCE TO SUPPORT THEM OR TO WITHSTAND MCADORY'S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT?
¶ 8. In looking at McAdory's first issue, this Court must examine the sufficiency of the evidence, determine whether there was enough evidence to support the verdict and whether the verdict could survive a motion for judgment notwithstanding the verdict. As stated earlier, in examining the evidence this Court must determine whether a hypothetical juror could find, beyond a reasonable doubt, the defendant guilty. Davidson v. State, 734 So.2d 252 (¶ 4) (Miss.1999). This Court may overrule only when an element of the offense charged is substantially lacking. Id. at (¶ 4). McAdory raises this challenge to the sufficiency of the evidence on the basis that an essential element of the crime, namely the identity of the attacker, was not proven by the State beyond a reasonable doubt.
¶ 9. Taking into account the standards stated above, and that the evidence should be viewed in a light most favorable to the State, the evidence weighs heavily towards affirming McAdory's conviction. Kashius Lewis and Corrithia Lewis testified they saw McAdory driving his car near the scene prior to the shooting. Joseph Ewing testified he saw McAdory in the car with Stevenson, who Kashius Lewis and Ewing saw fire a gun. Placement at the scene prior to the attack is not of itself enough to prove McAdory's guilt. However, Ewing testified to have actually seen McAdory shoot a gun at Williams and himself. When this evidence is viewed in a light most favorable to the prosecution, with all favorable inferences, the evidence points toward affirming McAdory's conviction.
¶ 10. There were some questions of credibility raised on both sides in this case. The defense stressed that Ewing, the only victim who testified to seeing McAdory fire a gun, was not in the best position to see who was doing the shooting. It was very hard from the record to get a clear idea of what the neighborhood where the shooting took place looks like. From the record, it sounds like the church where the gun was fired is across the street from the trailer where the party was, but between the house and the church are two Habitat for *1111 Humanity houses and a tree. There were also questions raised as to how dark it was that night and how hard it would be to see the shooter. These all called Ewing's testimony into question. However, when the police investigator testified, he stated that though there were things between the church and the trailer, a person could still see the church from the front of the trailer where Ewing was. Issues dealing with credibility of the evidence are left to the jury to decide. McClain, 625 So.2d at 778. It is apparent in this case that the jury found Ewing's testimony and the police officer's testimony quite credible. Therefore, it is possible that reasonable and fair minded jurors could have considered this evidence and found McAdory guilty of aggravated assault on counts one and three.
¶ 11. The credibility issues raised by the prosecution centered on the testimony of the defense's three alibi witnesses. All three testified they did not come forward as soon as McAdory was charged because no investigators came to them. In addition, Ms. Stevenson and Ms. Haynes both failed to mention McAdory was present at their party when they testified in the earlier trial of Fred Stevenson. Once again, credibility is determined by the jury, and the jury must not have considered the testimony of these three very credible. McClain, 625 So.2d at 778.
¶ 12. It is important to note that no one saw McAdory shoot Leonard Jewel. However, McAdory's conviction for the shooting of Leonard Jewel is supported by evidence substantial enough to support the verdict. McAdory was not only indicted for aggravated assault, but also for aiding and abetting. It is well known in this state that "any person who is present at the commission of a criminal offense and aids, counsels, or encourages another in the commission of that offense is an `aider and abettor' and is equally guilty of that offense with the principal offense." Jones v. State, 710 So.2d 870 (¶ 15) (Miss.1998). There was evidence offered in this case that put McAdory at the scene of the crime with Fred Stevenson. There is also evidence in this case that both McAdory and Stevenson were shooting. Though no one saw McAdory shoot and then saw Jewel fall down, witnesses put Stevenson at the scene shooting a gun. These witnesses also put McAdory at the scene shooting. This clearly meets the requirements of aiding and abetting. For this reason, McAdory can still be found guilty of shooting Jewel. In order for this Court to find sufficient evidence has been presented to support a guilty verdict, it must determine whether a hypothetical juror could find, beyond a reasonable doubt, the defendant is guilty. Davidson, 734 So.2d at (¶ 4). As previously stated, plenty of evidence was presented supporting McAdory's conviction for both aggravated assault and aiding and abetting. Therefore, this Court finds that reasonable and fair minded jurors could find McAdory guilty beyond a reasonable doubt.
¶ 13. In conclusion, taking the evidence in the light most favorable to the prosecution, and leaving issues of credibility to the jury, this Court finds that reasonable and fair minded jurors could have found McAdory guilty of aggravated assault based on the evidence presented in this case. McAdory was put at the scene prior to the shooting, and more importantly, a witness saw him shooting a gun. For this reason, this Court holds that the evidence was sufficient to support the verdict in this case and affirms the trial court's denial of a judgment notwithstanding the verdict.

2. WHETHER THE GUILTY VERDICTS ON EACH OF THE COUNTS WENT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, SUCH THAT MCADORY'S MOTION FOR A NEW TRIAL SHOULD HAVE BEEN GRANTED?
¶ 14. McAdory raises this issue claiming many of the same things he raised in the issue above. He claims the State failed in proving he took part in any part of the crime because the evidence it provided was not credible. In examining *1112 the weight of the evidence, the standard to apply is quite similar to the one applied when looking at the sufficiency of the evidence. It requires the Court to take all evidence which supports the verdict and accept it as true. Dudley v. State, 719 So.2d 180 (¶ 10) (Miss.1998). The grant of a new trial is in the discretion of the trial judge, and it should be reversed only if it is proven the trial judge abused his discretion in some way. Thornhill, 561 So.2d at 1030. In light of this standard, and taking the evidence presented in this trial, this Court finds the evidence supports the conviction.
¶ 15. As stated in the above analysis, when the evidence in this case supporting the jury verdict is taken as true, it is quite clear the evidence weighs toward McAdory's conviction on counts. Ewing, Kashius Lewis, and Corrithia Lewis all testified to seeing McAdory drive by the party moments prior to the shooting. This by itself is not enough evidence to uphold the jury verdict. However, Ewing's testimony that he saw McAdory shoot a gun at Williams and himself, and the police investigator's testimony that a person could see where the shooter stood from the front of the trailer together is enough to uphold the jury verdict. Once again, issues of credibility are left with the jury, and in this case the jury found the witnesses for the prosecution more credible than the defense's alibi witnesses.
¶ 16. As stated above, no direct evidence was offered in this case which affirmatively proved McAdory shot Jewel. However, plenty of evidence was presented proving McAdory aided and abetted in the shooting of Jewel. Taking this evidence and accepting it as true, as the standard of review requires, this Court finds that the weight of the evidence supported McAdory's guilty verdict.
¶ 17. McAdory mentions in his brief the Edwards case, in which this Court held where only one witness testified to the identification of an attacker and there is no other evidence of the attacker's identity then if the witness's statements indicate he was not sure of the attacker's identity then this statement is inadequate to support a conviction. Edwards v. State, 736 So.2d 475 (¶ 7) (Miss.Ct.App.1999). McAdory claims Ewing's testimony should be treated like the testimony in the Edwards case and be held insufficient to support the jury verdict. The testimony in the case at hand is very different from the testimony in the Edwards case. The testimony in Edwards contained language such as "believed" or "thought." Ewing's testimony in this case contains no words that would lead this Court to find his testimony was as unsure as the testimony in the Edwards case was. We find the verdict in this case was not against the overwhelming weight of the evidence, and the trial judge did not abuse his discretion in denying McAdory's motion for a new trial.
¶ 18. In conclusion, this Court finds McAdory has failed to prove the State had insufficient evidence to withstand McAdory's motion for a judgment notwithstanding the verdict, and has also failed to prove the verdict was against the overwhelming weight of the evidence. For these reasons, this Court affirms McAdory's conviction.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF PATRICK MCADORY OF COUNT II AGGRAVATED ASSAULT AND SENTENCE OF 10 YEARS TO RUN CONCURRENT TO COUNT I; OF COUNT III AGGRAVATED ASSAULT AND SENTENCE OF 10 YEARS TO RUN CONCURRENT TO COUNT I; AND COUNT I AGGRAVATED ASSAULT AND SENTENCE OF 10 YEARS TO RUN CONSECUTIVE TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED, ALL TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*1113 McMILLIN, C.J., KING and SOUTHWICK, P.JJ., IRVING, LEE, MOORE, MYERS, PAYNE, and THOMAS, JJ., concur.