BRIDGES, J.,
for the Court:
¶ 1. This case comes from the Circuit Court of Copiah County, Honorable Lamar Pickard presiding. Donald Fair was tried and convicted in the circuit court of robbery. Fair was sentenced to fifteen years in the custody of the Mississippi Department of Corrections, said sentence to run consecutively to any other sentence imposed. Fair has exercised his right to appeal and comes to this Court bringing two issues:
1. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT A DIRECTED VERDICT AT THE CLOSE OF THE STATE’S CASE AS THE VERDICT OF THE JURY IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE FOR CONVICTION OF DEFENDANT FOR ROBBERY?
2. WHETHER APPELLANT SHOULD HAVE BEEN CONVICTED OF LESSER INCLUDED OFFENSE OF GRAND LARCENY?
Finding no error, we affirm.
STATEMENT OF THE FACTS
¶ 2. On May 8, 1998, Mary Frances Cheek was grocery shopping at the Piggly Wiggly in Hazlehurst, Mississippi. While shopping, Cheek placed her purse in the child seat of her grocery cart. Cheek held a string in her hand which was tied to her purse. Inside the purse was Cheek’s partial plate, glasses, credit cards, medicine, keys, and one-hundred and ten dollars in cash and checks. While examining some frozen meats, Cheek was taken by surprise when someone shoved her from behind and the string was pulled out of her hand. She turned around and saw someone running towards the front of the store with her purse in his hand. Cheek was unable to identify her assailant, but she did testify her purse was missing one-hundred and ten dollars when it was returned.
¶ 3. After the purse was taken, Cheek began to yell for help, stating she had been robbed. This call was heard by Sandy Rand, an assistant manger of the grocery store. Rand was standing at the service desk at the front of the store speaking with a customer. Rand observed a man running down aisle three, and later identified the man at trial as being Donald Fair. Rand did not see the man carrying the purse. Rand tried to stop the man, but the man broke free and ran outside.
¶ 4. Larry Vallier, an employee of the store, also testified at trial. Vallier heard the disturbance, and thinking the fleeing man was a shoplifter, he ran to help stop the man. Vallier followed the man outside and was able to get into the man’s car. Vallier attempted to take the man’s keys out of the ignition, and testified he saw the man’s profile. Vallier identified the man as being Donald Fair, but testified he did not see the purse. The man was able to shift the car into reverse before Vallier could take the keys and was thus able to flee the scene. Vallier was shown a lineup of faces prior to trial and was unable to *820 pick out Fair from the lineup. However, Vallier identified Fair at trial as the man he saw fleeing the store on the day in question.
DISCUSSION OF THE LAW
STANDARD OF PROOF
¶ 5. An appeal from the trial court’s failure to grant a directed verdict or a JNOV challenges the sufficiency of the evidence supporting the guilty verdict. The sufficiency of the evidence “as a matter of law is viewed and tested in a light most favorable to the State,” and credible evidence supporting the guilt of the defendant must be accepted as true. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The prosecution receives the benefit of all favorable inferences reasonably drawn from the evidence, and issues of weight and credibility of the evidence are resolved by the jury. Id. This Court will only reverse, with respect to one or more of the elements of the charged offense, when the evidence is such that “reasonable and fair-minded jurors could only find the accused not guilty.” Id.
¶ 6. A motion for a new trial challenges the jury verdict on the grounds the verdict is against the overwhelming weight of the evidence. “In making the determination of whether a verdict is against the overwhelming weight of the evidence, this Court must view all evidence in the light most consistent with the jury verdict, and we should not overturn the verdict unless we find that the lower court abused its discretion when it denied the motion.” Davidson v. State, 734 So.2d 252 (¶ 6) (Miss.Ct.App.1999).
ANALYSIS
1. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT A DIRECTED VERDICT AT THE CLOSE OF THE STATE’S CASE AS THE VERDICT OF THE JURY IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE FOR CONVICTION OF DEFENDANT FOR ROBBERY?
¶ 7. Fair raises this issue claiming the evidence offered against him was not sufficient or weighty enough to uphold his conviction. Fair argues the in-court identifications by two of the witnesses were not convincing, most of the evidence offered against him was circumstantial, and not enough evidence was offered to prove his guilt beyond a reasonable doubt. The State points out the evidence presented in this case which supports Fair’s conviction. In beginning our analysis of this issue, our discussion will be divided into two subheadings; the first dealing with the sufficiency of the evidence, and the second dealing with the weight of the evidence. However, we find both issues weigh in favor of the State.
Sufficiency of the Evidence.
¶ 8. As stated above, the proper standard to be applied when dealing with sufficiency of the evidence is to view the evidence in the light most favorable to the State and to accept as true all credible evidence supporting Fair’s conviction. McClain, 625 So.2d at 778.
¶ 9. Fair points out several things he thinks prove the evidence in this case is insufficient. First of all, Fair attacks the testimony of the State’s three witnesses, especially in regard to Rand and Vallier’s in-court identifications of Fair as the robber. In regards to Rand’s identification, Fair argues Rand probably was only able to see the back of the fleeing man as the man ran out of the store. This argument fails to consider Rand’s testimony that she saw the man running down the aisle towards the front of the store where Rand *821 was standing, and she tried to stop him. Rand got a full frontal view of Fair. This does not diminish the sufficiency of Rand’s identification. The fact Rand saw Fair from the front only serves to bolster Rand’s testimony.
¶ 10. Fair also attacks Vallier’s in-court identification of Fair as the robber. ' He does so by pointing out Vallier failed to pick Fair out of a picture lineup he was shown by the police. Fair pointed this out at trial to the jury on cross-examination. It is the jury’s job to make determinations of weight and credibility of the evidence presented to it. Turner v. State, 726 So.2d 117 (¶ 29) (Miss.1999). Obviously, the jury in this case found Vallier’s in-court identification more credible than his failure to identify Fair in a lineup, and this Court will not disturb that finding. Thus, there is really no problem with Vallier’s testimony.
¶ 11. After taking Fair’s arguments into consideration, as well as the applicable standard of proof, this Court finds the evidence presented is more than sufficient to support Fair’s conviction. This Court must accept as true the evidence supporting Fair’s guilty verdict and look at the evidence in a light most favorable to the State. McClain, 625 So.2d at 778. Once this .standard is applied, then there is no question the evidence was sufficient to support Fair’s guilty verdict. This Court will not reverse unless it finds the evidence is such that “reasonable and fair-minded jurors could only find the accused not guilty,” and that is simply not the case here. Id. Based on the in-court identifications a juror could only find Fair guilty of robbery. For this reason, this Court affirms Fair’s conviction as to this sub-issue.
Overwhelming Weight of the Evidence.
¶ 12. In dealing with this sub-issue, it is important to remember the standard of proof stated above. This Court will only overrule a guilty verdict on the basis of the verdict being against the overwhelming weight of the evidence when, after viewing all the evidence in a light most consistent with the verdict, it finds the trial court abused its discretion in failing to order a new trial. Davidson v. State, 734 So.2d 252 (¶ 6) (Miss.Ct.App.1999). With this standard in mind, it is clear there was no such abuse of discretion present in this case. After reviewing the testimony of the witnesses, the evidence is consistent with the guilty verdict and weighs heavily in favor of Fair’s conviction. Thus, the trial judge did not abuse his discretion. Therefore, we affirm Fair’s conviction as to this sub-issue.
2. WHETHER APPELLANT SHOULD HAVE BEEN CONVICTED OF LESSER INCLUDED OFFENSE OF GRAND LARCENY?
¶ 13. In this issue, Fair claims the prosecution failed to prove all of the necessary elements of robbery. Fair claims that if the prosecution proved anything, all they proved was that Fair was guilty of larceny and not robbery. The statutory definition of robbery" is set out in section 97-3-73 of the Mississippi Code, and states, “Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery.” Miss.Code Ann. § 97-3-73 (Rev.2000).
¶ 14. Fair was allowed to give the jury two instructions which laid out the elements of robbery. Fair also included in these jury instructions the elements of grand larceny and petit larceny, in case the jury found the State failed to prove all of the elements of robbery. Thus, this issue does not deal with whether Fair was *822 denied a jury instruction on a lesser-included offense, but simply with whether the State proved the elements of robbery.
¶ 15. First of all, the purse was stolen, which meets the first element. Secondly, when the purse was stolen, it was resting in the grocery cart’s baby seat and Cheek was holding a string that was tied to the purse. This indicates the purse was within the personal presence of Cheek, therefore meeting the personal presence requirement of the statute. The main challenge Fair makes in this argument is there was no causal connection between Cheek being shoved and the purse being stolen. This argument is not convincing. The indictment indicated Fair stole the purse by violence to the person. Cheek was shoved prior to the purse being snatched by Fair. This shove indicates violence to the person, thus meeting the statutory element of violence to the person. Fair argues the State failed to show a causal connection between the shove and the theft. It is the job of the jury to weigh the evidence presented to it, and obviously the jury found a connection between the shove and the theft. Galloway v. State, 735 So.2d 1117 (¶ 42) (Miss.Ct.App.1999). For these reasons, this Court finds the State succeeded in proving Fair was guilty of robbery.
CONCLUSION
¶ 16. Fair’s conviction was sufficiently supported by the evidence, and the jury verdict was not against the overwhelming weight of the evidence. The State succeeded in proving all of the elements of robbery. Therefore, we affirm the holdings of the trial court.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY OF CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, SENTENCE TO RUN CONSECUTIVELY TO ANY OTHER SENTENCE IMPOSED, IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., PAYNE, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.